IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities, and **ELAP SERVICES, LLC,** a Delaware limited liability company,<br><br>Defendants. | Case No.   16CV38474<br><br>**FIRST AMENDED COMPLAINT**<br>(Breach of Contract; Breach of Fiduciary Duty; Breach of the Oregon Unlawful Trade Practices Act) |

Providence Health & Services–Oregon ("PH&S-O") makes the following claims for relief:

1.

Plaintiff PH&S-O is an Oregon nonprofit corporation which provides health services to patients, among other facilities through the Providence Portland Medical Center ("PPMC").  PPMC is a Medicare-participating acute care hospital.

2.

Defendant Sanjana Pahalad Mancuso ("Mancuso") is a resident of Multnomah County and the daughter of Rattan Kumar Pahalad ("Pahalad"), who is acting as the Personal Representative in the proceeding *Matter of the Estate of Rattan Kumar Pahalad*, No. 16PB03421 (Multnomah County) ("the Probate Proceeding").  By order of this Court

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 1 –    FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 1 of 22**

1 in the Probate Proceeding dated June 7, 2016, Mancuso was appointed to be the personal

2 representative of Pahalad's estate and assumed the fiduciary duties of that office.

3 3.

4 ELAP Services, LLC ("ELAP") is a Delaware limited liability company with its

5 principal place of business at 1550 Liberty Ridge Drive, Chesterbrook, Pennsylvania.

6 4.

7 Rattan Kumar Pahalad was a resident of Multnomah County, and was admitted on

8 March 23, 2016, to PPMC for inpatient treatment. Pahalad died on April 4, 2016.

9 5.

10 Upon admission to PPMC, Pahalad signed the Conditions of Admission document

11 attached to this complaint as Exhibit 1 and incorporated by reference ("the Agreement"),

12 which included an agreement by Pahalad to pay any costs of treatment which were not

13 covered by other sources. In particular, the agreement read in relevant part as follows:

> I understand and accept:  <u>PH&S will bill the Charge Master rates in effect</u>
> <u>when services are provided</u>; I may request a price estimate for such
> services; <u>I agree to pay for such services</u>; and I acknowledge and accept
> my personal responsibility for payment in full for billed charges even
> where PH&S has been assigned benefits from governmental programs and
> insurance companies.  I acknowledge failure to meet my financial
> obligations to PH&S will result in the referral of account(s) to professional
> collection agencies and consent to PH&S or its designees obtaining a copy
> of my credit report or any other publicly available data related to my
> ability to pay.  …  In the event of any dispute regarding payment, I agree
> to pay all collection costs and attorneys' fees whether or not a case is filed
> in court.  …

(Exhibit 1 ¶ 9 at 2-3 (emphasis added)).

6.

After admission and prior to his death, Pahalad incurred an obligation for the

medical services provided him, at PPMC's Charge Master rates in effect when the

services were provided, totaling $740,263. On information and belief, Pahalad was at all

relevant times covered by a self-funded employee welfare benefit health plan called the

InnVentures IVI, LP Healthcare Plan (the "Plan"), which covers certain hotel workers in

Harrang Long Gary
Rudnick P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 2 – FIRST AMENDED COMPLAINT

Exhibit 1
Page 2 of 22

the Pacific Northwest. The administrator for the Plan, Group Pension Administrators, Inc. ("GPA"), in April 2016 made partial payments on the account of $97,066.94 and $207,694.35, but refused to pay the balance. GPA issued with its payments an "explanation of benefits" directed to PPMC which attached a "Notice of Appeal Rights," contending that PPMC had "the right to appeal any adverse benefit determination" including bringing a lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"). On information and belief, the explanation of benefits provided to Palahad's estate falsely stated, "Appeal rights under this plan also apply to providers of service." On the contrary, under 29 U.S.C. § 1132(a)(1)(B), only a participant or a beneficiary may commence a proceeding under ERISA to recover benefits under a plan. PH&S-O is not a participant in the Plan, PH&S-O is not a beneficiary under the terms of the Plan, and PH&S-O has never agreed to become subject to the rules of the Plan.

7.

PH&S-O responded in August 2016, declining to participate in GPA's internal appeal process, disagreeing that the payments by GPA satisfied Pahalad's payment promise, making plain that PH&S-O could not be Pahalad's authorized representative under ERISA, and making plain that any appeal of GPA's underpayment would need to be taken by Mancuso as Pahalad's successor in interest.

8.

Under a letter dated August 30, 2016, Tom Rogers, the Manager, Appeals Processing of ELAP, responded to PH&S-O's letter, stating that ELAP is the "Designated Decision Maker … for the [Plan]" and that ELAP was "disappointed" that PH&S-O would not "appeal the original allowance made by the Plan" on Pahalad's claim, contending that PPMC's charges were excessive.

9.

On information and belief, the basis for ELAP's charge of excessiveness was

Harrang Long Gary
Rudnick P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 3 –   FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 3 of 22**

Medicare cost report information provided by PH&S-O to the U.S. Centers for Medicare and Medicaid Services ("CMS") in connection with the Medicare program for a fiscal year long predating Pahalad's dates of service. Such information is irrelevant to what hospitals must charge uniformly to all patients who are not covered by Medicare, as well as to the actual cost of delivery of care to Pahalad or to the reasonableness of charges associated therewith. Specifically, on information and belief, ELAP is asserting that the ratio of costs to charges ("RCC") calculated by CMS using historic data for purposes of making additional payments to hospitals, reflects either actual service-specific costs or a basis to approximate the total amounts that Medicare or any other payer routinely pays hospitals for services provided. *See, e.g.*, 42 C.F.R. §§ 412.80-412.86. Payment rates by Medicare are not limited based on the RCC, but instead are added to using that ratio, and include numerous amounts in addition to the inpatient and outpatient prospective payment rates, in recognition that those rates do not fully cover hospitals' costs. *See, e.g.*, 42 C.F.R. § 412.80(a)(3). Even with all these add-on payments, total Medicare payments to hospitals remain well below hospitals' actual costs to provide care. *See, e.g., The 2016 Annual Report of the Boards of Trustees of the Federal Hospital Insurance and Federal Supplementary Medical Insurance Trust Funds,* at 193-94. As stated by the American Hospital Association in a December 2016 fact sheet entitled "Underpayment by Medicare and Medicaid":

> Payment rates for Medicare and Medicaid, with the exception of managed care plans, are set by law rather than through a negotiation process, as with private insurers. These payment rates are currently set below the costs of providing care, resulting in underpayment. …
>
> In the aggregate, both Medicare and Medicaid payments fell below costs in 2015:
>
> - Combined underpayments were *$57.8 billion* in 2015. This includes a shortfall of $41.6 billion for Medicare and $16.2 billion for Medicaid.
>
> - For Medicare, hospitals received payment of only *88 cents* for every dollar caring for Medicare patients in 2015.

Page 4 –  FIRST AMENDED COMPLAINT

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 1**
**Page 4 of 22**

- For Medicaid, hospitals received payment of only *90 cents* for every dollar spent by hospitals caring for Medicaid patients in 2015. …

ELAP's reliance, therefore, on cost reports to CMS in explaining what is or is not "excessive" or "unreasonable" about hospital charges is highly misleading.

10.

Neither GPA nor ELAP had or have any contractual relationship with PH&S-O under which PH&S-O's Agreement with Pahalad was modified. The remaining balance for services provided to Pahalad and payable to PH&S-O under the unambiguous terms of the Agreement, therefore, is $435,502.17 ("the Obligation").

11.

ELAP markets itself as having a mission "to significantly reduce health care expenses for employers by recognizing a medical provider's actual cost in delivering services and to allow a fair margin above that cost," and boasts that its tactics produce an average reduction in overall health care spending of 25-30%. ELAP exercises that "mission," as it did in this case, by purporting to make judgments about what a medical facility "should" charge, by refusing to pay anything more, and by forcing hospitals like PPMC to bill and collect from patients (or as here, from the patient's personal representative) under conditions of admission agreements such as the Agreement. On information and belief, ELAP relies on the difficulty for a hospital like PPMC to collect major medical bills from patients and on the transaction costs involved in bringing lawsuits like this one in order to accomplish its mission of helping employers avoid paying the bills which its patients incur to medical providers. ELAP and its clients make no effort to enter into contractual relationships with providers such as PPMC, as Medicare and other health plans do, in order to reach mutual agreement regarding what their insureds "should" pay for medical care. Instead, ELAP misleads its clients' insureds by describing historical Medicare cost report information as reflective of the

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 5 –   FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 5 of 22**

actual cost of providing care to their clients' insureds, or relevant to their financial obligations to the hospitals providing their care. ELAP therefore intentionally puts patients and their family members, such as Mancuso, directly into the middle of disputes about health care reimbursements in order to intimidate providers into reducing their bills, unless those providers are willing to agree to be subject to ELAP's or the Plan's payment rules.

13.

PH&S-O timely made claim for the Obligation in the Probate Proceeding on or about August 25, 2016 ("the Claim"). Mancuso, through counsel, on September 8, 2016, made demand under ORS 115.045 for written evidence supporting the claim. Materials supporting the Claim were duly provided to Mancuso on or before October 12, 2016.

13.

PH&S-O responded to ELAP's August 30 letter (*see* ¶ 8 above) on September 12, 2016, providing a copy of that letter to Mancuso, again declining to submit its entitlement to payment to ELAP for ELAP's determination as if ELAP were a disinterested third party, again indicating that Pahalad's estate was the only proper party to an appeal of its underpayment. PH&S-O noted for Mancuso's benefit that, according to ELAP's documentation, an appeal could be filed any time before October 27, 2016.

14.

On information and belief, Mancuso filed such an appeal on or about October 19, 2016 (the "Appeal"), preserving the estate's rights against the Plan, an appeal that is yet pending.

15.

Under a letter dated October 20, 2016, ELAP again responded to PH&S-O, contending that historic cost report information provided to CMS was the appropriate comparator for the "reasonableness" of PPMC's Charge Master rates and attempting to

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 6 –   FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 6 of 22**

intimate PH&S-O with its contentions that PPMC's Charge Master rates were "arbitrary."

16.

On a number of occasions during the past two years, PH&S-O or its affiliates have interacted with ELAP on other patient matters, and received letters from lawyers formerly associated with a law firm named Lewis Brisbois Bisgaard & Smith LLP who now are associated with a law firm named FisherBroyles, both based in Atlanta, Georgia. For example, on one matter involving a patient in Seattle, Washington, covered by the same InnVentures Plan as in this case, following a denial by ELAP similar to the one in this case, one such lawyer wrote PH&S-O's Seattle affiliate Swedish Edmonds to contend that she represented the Washington patient, contending that Swedish Edmonds had undertaken to assume the patient's rights in an ERISA appeal, and that Swedish Edmonds had thereby waived its rights to collect from the patient, threatening litigation if Swedish Edmonds took any further collection action. On other matters, for example *Floyd Medical Center v. Warehouse Home Furnishings Distributions, Inc.*, 2012 WL 1438470 (D. Ga. 2012), a former Lewis Brisbois and current FisherBroyles lawyer has represented ELAP directly. On information and belief, therefore, FisherBroyles lawyers currently represent ELAP and also hold themselves out nationwide as representing patients whose claims are administered by ELAP and by GPA.

17.

On October 24, 2016, Mancuso denied the Claim under the document attached to this complaint as Exhibit 2. In her denial, Mancuso contended that "neither the decedent nor the estate ever agreed to pay" PH&S-O's Charge Master rates, a statement that was unequivocally false, that constituted a false statement to the probate court when it was filed in the Probate Proceeding, and that was known by Mancuso to be false when it was made and filed, given the promise made by Pahalad quoted in paragraph 4 above. The

Harrang Long Gary
Rudnick P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 7 –    FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 7 of 22**

denial went on falsely to state:

> Medicare would have paid and Providence would have accepted just $184,179.25 for the same goods and services. Thus, Providence has already been paid 165% of the amount routinely paid and accepted for these services. In 2015, Providence collected only about half of its total charges. According to Providence's self-reported cost-to-charge ratios, the charges it seeks to collect from the estate are nearly three times its fully allocated costs to provide the goods and services to the decedent. … The estate is not liable to pay such excessive, unreasonable charges. Providence has already been paid properly for the goods and services provided to the defendant.

On information and belief, these contentions were provided to Mancuso by ELAP or by FisherBroyles as ELAP's counsel, as part of ELAP's attempt to justify its refusal to pay Pahalad's claim under the Plan. The contention that the estate "is not liable to pay" the charges that Pahalad promised in Exhibit 1 to pay is false, and was known by Mancuso to be false when it was made and was filed in the Probate Proceeding. The contention that Medicare payment cost to charge ratios equate to payment rates or are relevant to Palahad's Obligation to pay "Charge Master rates" is also false, and was known or should have been known by Mancuso to be false when it was made and filed in the Probate Proceeding. The contention that "Providence had already been paid properly for the goods and services provided" to Pahalad is also false, and was known or should have been known by Mancuso to be false when it was made and filed in the Probate Proceeding. On the contrary, the rates to which Pahalad agreed and which Mancuso as Pahalad's personal representative was obliged to respect were the rates reflected in the Obligation and in the Claim, under the clear terms of the Agreement.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract: Defendant Mancuso)**

18.

PH&S-O incorporates by reference the allegations of paragraphs 1 through 17.

19.

The Agreement is a valid contract, enforceable against Pahalad and against

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 8 – FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 8 of 22**

Pahalad's estate. Mancuso breached that contract by refusing to pay PH&S-O at the Charge Master rates provided in the Agreement. PH&S-O has therefore been damaged in the amount of $435,502.17.

### SECOND CLAIM FOR RELIEF
**(Breach of Fiduciary Duty - ORS 114.395: Defendant Mancuso)**

20.

PH&S-O incorporates by reference the allegations of paragraphs 1 through 19.

21.

As personal representative of Pahalad's estate, Mancuso is obligated as a fiduciary to preserve, settle, and distribute the estate in accordance with law. In particular, under ORS 114.265, Mancuso is obligated to "preserve, settle and distribute the estate … with as little sacrifice of value as is reasonable under the circumstances", and under ORS 114.305(25) Mancuso is obligated to act "reasonably for the benefit of interested persons … to … [s]atisfy and settle claims … ." ORS 114.395, moreover, bars "improper" exercise of that power and makes the personal representative "liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust."

22.

Under ORS 111.015(19), PH&S-O is an "interested person" because it has a claim against Pahalad's estate, so Mancuso owes PH&S-O the duty to administer the Claim in a manner that is not improper or unreasonable.

23.

As a fiduciary, Mancuso is obligated to perform valid contracts made by Pahalad to the extent of the assets of the estate.

24.

It was improper under ORS 114.395 for Mancuso to deny the Claim based on the false contention that Pahalad never agreed to pay PPMC's Charge Master rates, and it

Harrang Long Gary
Rudnick P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 1**
**Page 9 of 22**

was improper for Mancuso falsely to represent to the judge in the Probate Proceeding that the estate never "agreed to pay" those rates. It was improper under ORS 114.395 for Mancuso to contend that historic Medicare ratio of cost to charge data are relevant to the estate's liability, and it was improper for Mancuso to contend that Providence had already been paid properly for the goods and services provided to Pahalad. Mancuso had and has no privilege to make false statements in administering the estate or to submit falsehoods to the court in the Probate Proceeding.

25.

On January 5, 2017, PH&S-O was advised that Kris Alderman of FisherBroyles' Atlanta office would be representing Mancuso in this proceeding, notwithstanding the prior and perhaps present adversity between the estate and the Plan, as administered by ELAP and GPA. On information and belief, FisherBroyles has agreed to represent Mancuso and the estate for free, based on ELAP or the Plan funding their defense to and agreeing through counsel to indemnify the estate and Mancuso against PH&S-O's claims. Based on a statement made in the Probate Proceeding, the value of the estate is approximately $250,000. On information and belief, that valuation did not include the value of the estate's rights against the Plan under the Appeal.

26.

Mancuso's arbitrary denial of the Claim constituted a breach of her fiduciary duty under ORS 114.395, for which Mancuso is personally liable to PH&S-O.

27.

PH&S-O has been damaged by Mancuso's breach in at least the following ways:

(a) PH&S-O has been forced to file this lawsuit to collect the Claim against the estate and against Mancuso. PH&S-O is entitled under the terms of the Agreement and ORS 114.395, which incorporates ORS 130.815 as a remedy against trustees of an express trust, to recover its costs and expenses and reasonable attorney fees for being

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 10 – FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 10 of 22**

forced to obtain a judgment from this Court to collect the Claim.

(b) PH&S-O has lost the time value of the Claim occasioned by the delay caused by the denial so is entitled to interest under ORS 115.815, for which Mancuso is personally liable in the event that estate assets are insufficient fully to pay PH&S-O under that statute.

**THIRD CLAIM FOR RELIEF**
**(Violation of Unfair Trade Practices Act - ORS 646.638: Defendant ELAP)**

28.

PH&S-O incorporates by reference the allegations of paragraphs 1 through 27.

29.

It is a violation of the Oregon Unlawful Trade Practices Act, ORS 646.608(1)(h), for any person in the course of that person's business to disparage the goods, services, or business of another by false or misleading representations of fact.

30.

On information and belief, ELAP communicated to Mancuso the following representations of fact, each of which was false or misleading and disparaged PH&S-O's business in the context in which it was made:

(a) That PH&S-O had already been paid fully and properly for the goods and services that it provided to Palahad between March 23, 2016, and April 4, 2016;

(b) That PH&S-O through its claim under the Agreement was seeking to collect excessive and unreasonable charges;

(c) That historic Medicare cost to charge ratio data were relevant to what Pahalad had agreed to pay under the Agreement or to what ELAP was obliged to pay Palahad's estate under the Plan;

(d) That PH&S-O had been paid by the Plan 165% of the amount routinely paid and accepted for such services; and

(e) That PH&S-O's Charge Master rates are grossly in excess of the amounts

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 11 – FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 11 of 22**

1  typically paid for such goods and services and of the costs incurred to provide those

2  goods and services.

3          31.

4        On information and belief, as a direct result of ELAP's misrepresentations to

5  Mancuso, ELAP interfered with payment of the Claim, causing an ascertainable loss to

6  PH&S-O in a total amount arising out of the costs, delay, expenses, and attorney fees of

7  bringing this action.

8          32.

9        ELAP's misrepresentations here were part of ELAP's business model, as

10  described above, which intentionally, systematically, and cynically misrepresents the

11  appropriateness of hospitals' charges, and the hospitals' right to receive payment thereof,

12  in a pattern or practice impacting not only PH&S-O but other hospitals and medical

13  providers in Oregon and elsewhere.  ELAP's misrepresentations are malicious and

14  intended to promote its business model, creating a market for its services by forcing

15  hospitals and other medical providers to choose between incurring the costs and

16  uncertainties of litigation with patients (who often have insufficient resources to pay) and

17  succumbing to ELAP's unreasonable demands.  ELAP's actions, in this and other cases,

18  are consciously indifferent to the contract rights of those hospitals and other medical

19  providers, and are intended to interfere with the contract rights of those hospitals and

20  medical providers, including PH&S-O here.

21                         **PRAYER FOR RELIEF**

22        PH&S-O therefore asks that this Court:

23        1.  Enter judgment on its First Claim for Relief in favor of PH&S-O and against

24  Mancuso, as personal representative of the Estate of Rattan Kumar Pahalad, in the

25  amount of the Obligation of $435,502.17;

26        2.  To the extent that Mancuso's breach of fiduciary should be shown to have

Harrang Long Gary
Rudnick P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 12 –  FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 12 of 22**

caused damage to PH&S-O that is recoverable under ORS 114.395, including but not limited to the attorney fees and interest for bringing this action, enter judgment under its Second Claim for Relief in favor of PH&S-O and against Mancuso personally for all damages proven to have flowed from such breach;

3. Enter judgment under its Third Claim for Relief in favor of PH&S-O and against ELAP in an amount to be shown at trial amount caused by the costs, delay, expenses, and attorney fees of bringing this action, plus any additional ascertainable losses suffered by PH&S-O based on ELAP's violations of ORS 646.608;

4. Enter an injunction under ORS 646.638(1) barring ELAP from taking any of the following actions in the future with respect to any patient of PH&S-O or to any patient of PH&S-O's affiliates:

(a) Directly or through its administrator GPA, representing to PH&S-O or its affiliates' patients that appeal rights under the patients' plans "also apply to providers of services";

(b) Directly or through its administrator GPA, representing to PH&S-O or its affiliates' patients that those providers' charges "exceed the plan's allowable claim limits";

(c) Directly or through its administrator GPS, representing to patients or to their employers that patients are not liable for such charges because of ELAP's contention that PH&S-O's or its affiliates' charges are "excessive," "unreasonable," "arbitrary," or words to that effect;

(d) Directly or through its administrator GPS, imposing arbitrary reductions in payments to or on behalf of PH&S-O's or its affiliates' patients which are not actually supported by the terms of the plan and which have not been clearly made known to the patient before PH&S-O's services are rendered; and

(e) Directly or through its administrator GPS, contending to patients or to

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 1**
**Page 13 of 22**

employers that historic cost report data filed with the U.S. Centers for Medicare and Medicaid services serve as a basis for limiting any obligation to pay PH&S-O's or its affiliates' Charge Master rates;

5.  Enter an order in equity under ORS 646.638(1) requiring that ELAP hold all amounts which the Plan owes or would have owed to Pahalad's estate under the Plan in constructive trust for PH&S-O as the person equitably entitled to be repaid in full for the services that PH&S-O provided to Palahad under the terms of the Plan in accord with the Agreement, plus interest and all costs of collection pursuant to the terms of the Agreement;

6.  Enter judgment jointly and severally against Mancuso under ORS 114.395 and against ELAP under ORS 646.638(3) for PH&S-O's costs and reasonable attorney fees; and

7.  Award such other and further relief as may be just and equitable.

DATED this 15th day of February, 2017.

HARRANG LONG GARY RUDNICK P.C.

By: _____s/Arden J. Olson_____
Arden J. Olson, OSB #870704
arden.j.olson@harrang.com
Lorelei Craig, OSB #152515
lorelei.craig@harrang.com
Telephone:     541-485-0220
Facsimile:     541-686-6564
Of Attorneys for Plaintiff

Trial Attorney:  Arden J. Olson

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 14 –  FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 14 of 22**



**PROVIDENCE**
Health & Services

## CONDITIONS OF ADMISSION - ENGLISH

*Patient Name:* **Pahalad, Rattan Kumar**
*Patient Date of Birth:* 7/25/1956
*Date:* 3/23/2016

### 1. CONSENT FOR SERVICE

I acknowledge my attending physician is responsible for directing my care and has advised me of the need for services such as nursing care, diagnostic tests, anesthesia, medical or surgical treatments, disposal of removed tissue, services for any newborn if appropriate, and any other necessary medical service. By signing below I give my consent to all such services instructed by my attending physician, his/her assistants or designees. I understand my physician may order an operation or procedure, and give my consent after receiving adequate advice as to the benefits and risks of such operation or procedure. In the event a healthcare worker is exposed to my blood or body fluid in a manner posing a risk for transmission of a blood-borne infection, I give my consent to be tested for infections such as HIV, Hepatitis B and Hepatitis C at no cost to me, so the healthcare worker may be treated promptly. In such situations, I authorize release of applicable information to the healthcare worker and his/her health care provider.

### 2. USE AND DISCLOSURE OF INFORMATION

I have received and read the "Notice of Privacy Practices" and authorize Providence Health and Services (PH&S) to use and disclose information about me and my health to diagnose and treat me, to obtain payment for my care and for PH&S business operations.

### 3. PH&S TEACHING FACILITIES

I acknowledge PH&S has teaching facilities, and consent to supervised residents and students being involved with my care. I acknowledge I may refuse care by a resident or student at any time, and that such refusal will not result in any reduction of the quality of care provided.

### 4. NURSING CARE

I acknowledge PH&S offsite hospital facilities do not provide general duty nursing care and release PH&S from all liability for special duty services that may be arranged by me/my legal representative.

### 5. HEALTH PLAN OBLIGATION

I acknowledge I am individually obligated to pay the full charges of all services rendered to me by PH&S if I belong to a health plan that does not have a contract with PH&S at the time services are provided.

### 6. ASSIGNMENT OF BENEFITS/RELEASE OF INFORMATION

**Medicare / Medicaid and Other Government Programs:** I authorize PH&S to receive direct payments for any benefits to which I may be eligible under Medicare, Medicaid or any other government program, and authorize PH&S to release relevant information about me and my healthcare necessary to receive payment under the applicable government program(s). I understand and accept my responsibility to pay any deductible and/or co-insurance under such program(s).

Exhibit 1
Page 1 of 4

**Exhibit 1
Page 15 of 22**

**Medicare Notice:** I understand I may receive a bill from PH&S for self-administered drugs not covered by Medicare Part A, B and C, and may request an itemized statement containing the national drug codes necessary for me to bill my Part D carrier.

**Insurance:** I consent to assign to PH&S all insurance company coverage benefits to which I am entitled for services rendered by PH&S, and authorize PH&S to release relevant information about me and my healthcare to receive such payment. I understand and accept I am responsible for paying any co-payments and/or deductibles required under my insurance plan(s).

## 7. RIGHT TO REVOKE CONSENT

I acknowledge I have the right to revoke consent to treatment at any time effective immediately, and may also revoke authorization for the release of information about me and my healthcare to relevant government programs and insurance company(s). I understand and accept such revocation must be in writing and is effective only when it is received by the Medical Record Department at PH&S. I understand and accept if my revocation results in denial of payment to PH&S, I am responsible to pay for the care provided by PH&S.

## 8. FINANCIAL ASSISTANCE at PROVIDENCE

In keeping with our mission and core values, Providence Health & Services cares for people and their health needs regardless of their ability to pay. We are committed to working with our patients through any financial issues, including finding ways to make medical care more affordable. Providence's hospitals offer financial assistance to eligible patients who do not have the financial ability to pay for their medical bills. If you are having trouble paying for all or some of your health care, we encourage you to talk with a Providence Financial Counselor or someone in our business office about how we can help you.
**What is Covered?** For emergency and medically necessary services at Providence hospitals we provide financial assistance to eligible patients on a sliding fee scale basis, with discounts ranging from 75% to 100% based on ability to pay. Financial assistance for other services or at our non-hospital facilities is governed by the policies of the Providence entity providing the care.
**How to Apply?** Any patient may apply to receive financial assistance. A patient seeking financial assistance must provide supporting documentation specified in the application, unless Providence indicates otherwise. The application form may be obtained online, by telephone, or from the website or email address noted below.
**Other Assistance:**
**Coverage assistance:** If you are without health insurance, you may be eligible for other government and community programs. We can help you discover whether these programs (including Medicaid and Veterans Affairs benefits) can help cover your medical bills. We also can help you apply for these programs.
**Uninsured Discounts:** Providence offers a discount for patients who may not have health insurance coverage. Please contact us about our discount program.
**Payment plans:** After your insurance company processes the bill, any balance for amounts owed by you is due within thirty days. The balance can be paid in any of the following ways: automatic credit card, payment plan, cash, check, online bill pay or credit card. If you need a payment plan, please call the number on your billing statement to make arrangements.
**Emergency Care:** Providence hospitals with dedicated emergency departments provide care for emergency medical conditions (as defined by the Emergency Medical Treatment and Labor Act) without discrimination consistent with available capabilities, without regard to whether or not a patient has the ability to pay or is eligible for financial assistance.
**Contact Us for Financial Assistance Help or Applications**
For more information about getting help with your Providence medical bills, please call or visit a financial counselor or billing office at your local Providence facility. We can give you any forms you need and can help you apply for assistance. Patients are strongly encouraged to ask for financial help before receiving medical treatment, if possible. Patients can also apply at any time while receiving treatment and for a period of time following receipt of your initial bill. If you have questions or would like to receive a financial assistance application form, please contact below:
    By telephone: 1-866-747-2455
    On our website at: www.providence.org

## 9. FINANCIAL RESPONSIBILITY

Exhibit 1
Page 2 of 4

**Exhibit 1
Page 16 of 22**

I understand and accept: PH&S will bill the Charge Master rates in effect when services are provided; I may request a price estimate for such services; I agree to pay for such services; and I acknowledge and accept my personal responsibility for payment in full for billed charges even where PH&S has been assigned benefits from government programs and insurance companies. I acknowledge failure to meet my financial obligations to PH&S will result in the referral of account(s) to professional collection agencies and consent to PH&S or its designees obtaining a copy of my credit report or any other publicly available data related to my ability to pay. I understand that PH&S, its affiliates, agents or designees may contact me using pre-recorded/artificial voice messages and/or automatic dialing services at any telephone number I provide to PH&S. In the event of any dispute regarding payment, I agree to pay all collection costs and attorneys' fees whether or not a case is filed in court. I understand I may receive separate bills from PH&S and/or from treating physicians such as radiologists, pathologists, anesthesiologists and emergency room physicians, and accept my responsibility to pay these in accordance with the payment terms set by those providers. If I am entitled to any personal injury settlement, judgment or other payment I agree to take any and all actions to assign or have paid to PH&S balances owed by me.

## 10. PERSONAL BELONGINGS AND VALUABLES

I agree that PH&S is not responsible for my personal belongings and valuables brought into a PH&S facility, and agree to send such items home with my family or other responsible party if possible. I accept full responsibility and hold PH&S harmless for any loss, theft or damage for personal belongings or valuables retained at a PH&S facility.

## 11. SAFE ENVIRONMENT

I acknowledge that weapons or other dangerous objects, illegal drugs and medications not prescribed by my healthcare provider are not permitted on PH&S premises, and accept the rights of PH&S to search individuals and rooms upon reasonable cause and to confiscate any such items.

## 12. PHOTOGRAPHS

I agree to allow PH&S to take, reproduce and use photos, video tape, video monitoring / recording, or audio recording for the purpose of diagnosis, testing, medical evaluation, care or treatment (including invasive procedures), patient safety or medical education, and to preserve clinical information. I understand that this material may be treated as a part of my medical record and that PH&S privacy policies apply.

## 13. PATIENT RIGHTS AND RESPONSIBILITIES

I acknowledge that I have received and read the "Patient Rights and Responsibilities" notice provided by PH&S

## 14. NONDISCRIMINATION POLICY

I acknowledge PH&S prohibits discrimination based on age, race, ethnicity, religion, culture, language, physical or mental disability, socioeconomic status, sex, sexual orientation, and gender identity or expression.

**AUTHORIZATION FOR TREATMENT AND FINANCIAL RESPONSIBILITY STATEMENT**
By signing this document, I certify that I am of lawful age and legally competent. I accept and agree to be legally bound by the terms and conditions contained herein.

Exhibit 1
Page 3 of 4

**Exhibit 1
Page 17 of 22**

*Patient/Personal Representative Signature:*

Date/Time Signed: 3/23/2016 12:12:31 PM

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Providence Health & Services** includes our hospitals, clinics, outpatient services, home and community services, retail pharmacies, and skilled nursing facilities.

Exhibit 1
Page 4 of 4

**Exhibit 1
Page 18 of 22**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

Probate Department

| | |
|---|---|
| In the Matter of the | Case No.: 16PB03421 |
| Estate of Rattan Kumar Pahalad | NOTICE OF DISALLOWANCE OF CLAIM |
| Deceased | |

To: Providence Health & Services-Oregon

Your $435,502.17 claim against the estate, filed on August 25, 2016 has been disallowed because Providence Health & Services – Oregon has already been paid fully and properly for the goods and services it provided to the decedent between March 23, 2016, and April 4, 2016. Through your claim, you seek to collect excessive, unreasonable charges that neither the decedent nor the estate ever agreed to pay. As you admitted, Providence has already been paid $304,761.29 for these goods and services. Medicare would have paid and Providence would have accepted just $184,179.25 for the same goods and services. Thus, Providence has already been paid 165% of the amount routinely paid and accepted for these services. In 2015, Providence collected only about half of its total charges. Accordingly, to Providence's self-reported cost-to-

NOTICE OF DISALLOWANCE OF CLAIM

1

Thatcher Smith Law, LLC – 312 NW 10ᵗʰ Ave  #200B, Portland Oregon 97209 – 971-284-7129

charge ratios, the charges it seeks to collect from the estate are nearly three times its fully allocated costs to provide the goods and services to the decedent. Providence's charges are grossly in excess of both the amounts typically paid for such goods and services and the costs incurred to provide them. The estate is not liable to pay such excessive, unreasonable charges. Providence has already been paid properly for the goods and services provided to the decedent.

A copy of this notice, with proof of service by mail will be filed in the above-entitled proceeding. Your claim will be barred unless within 30 days after the date of mailing or delivery of this notice you file in this proceeding a request for summary determination of your claim, with proof of service as provided by ORS 115.145, or commence an action against the personal representative on the claim in a court of competent jurisdiction.

DATED: _Oct 21_ , 2016

_Sanjana Pahlad Mancuso_
Sanjana Pahalad Mancuso
Personal Representative

PERSONAL REPRESENTATIVE
Sanjana Pahalad Mancuso
7070 N. Hayden Island Drive Unit 423
Portland, OR 97217

ATTORNEY FOR PETITIONER
Maret Thatcher Smith
312 NW 10ᵗʰ Ave. #200B
Portland, OR 97209
Ph: 971-284-7129
maret@thatchersmithlaw.com
OSB # 105103

NOTICE OF DISALLOWANCE OF CLAIM                          2

Thatcher Smith Law, LLC – 312 NW 10ᵗʰ Ave #200B, Portland Oregon 97209 – 971-284-7129

Scanned by CamScanner

Exhibit 2
Page 2 of 2

**Exhibit 1
Page 20 of 22**

**CERTIFICATE OF SERVICE**

I certify that on February 15, 2017, I served or caused to be served a true and complete copy of the foregoing FIRST AMENDED COMPLAINT on the party or parties listed below as follows:

☐       Via the Court's Efiling System

☒       Via First Class Mail, Postage Prepaid

☒       Via Email

☐       Via Personal Delivery

| | |
|---|---|
| Maret Thatcher Smith | Kris Alderman |
| Thatcher Smith Law | FisherBroyles |
| 107 SE Washington St. Ste 255 | 945 East Paces Ferry Road |
| Portland, OR 97214 | Suite 2000 |
| maret@thatchersmithlaw.com | Atlanta, GA 30326 |
| | kris.alderman@fisherbroyles.com |
| Of Attorneys for Defendant Mancuso | Of Attorneys for Defendant Mancuso |

HARRANG LONG GARY RUDNICK P.C.


By:      s/Arden J. Olson

        Arden J. Olson, OSB #870704
        Telephone:   541-485-0220
        Facsimile:   541-686-6564
        Of Attorneys for Plaintiff

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Page 15 –  FIRST AMENDED COMPLAINT

**Exhibit 1**
**Page 21 of 22**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>              Plaintiff,<br><br>     vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities, and **ELAP SERVICES, LLC,** a Delaware limited liability company,<br><br>              Defendant. | Case No.   16CV38474<br><br>**ACCEPTANCE OF SERVICE** |

I, Kristopher R. Alderman, by execution of this document, do hereby accept service of the attached Summons and Complaint on behalf of Defendant ELAP Services, LLC. This Acceptance of Service is to have the same force and effect as if Defendant ELAP Services LLC was personally served with the documents, under and pursuant to the rules and statutes of the State of Oregon. I hereby waive any irregularities in the manner of service.

DATED this <u>27th</u> day of February, 2017.

FISHERBROYLES

By: *Kristopher R. Alderman*
Kristopher R. Alderman, *Pro Hac Vice*
Telephone:   404-596-8887
Of Attorneys for Defendants

Page 1 –    ACCEPTANCE OF SERVICE

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 1**
**Page 22 of 22**