12/19/2016 2:19:15 PM
16CV38474

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities,<br><br>Defendant. | Case No.: 16CV38474<br><br>ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Fee: $252<br>Fee Authority: ORS |

Sanjana Pahalad Mancuso, personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities, answers the Complaint filed against her by Providence Health & Services – Oregon ("PH&S-O") as follows:

Mancuso responds to the individually numbered allegations of the Complaint:

1. Admits paragraph 1.

2. Admits paragraph 2.

3. Admits paragraph 3.

4. Mancuso admits Exhibit 1 speaks for itself. Mancuso lacks information or knowledge sufficient to form a belief as to the veracity of the allegation that "[u][pon admission to

ANSWER TO PLAINTIFF'S COMPLAINT 1

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 1 of 9

PPMC, Pahalad signed the Conditions of Admission document;" therefore, that allegation is denied. Mancuso denies Exhibit 1 constitutes an "agreement by Pahalad to pay any costs of treatment which were not covered by other sources." Except as specifically admitted herein, Mancuso denies each and every contained in paragraph 4.

5. Mancuso admits PH&S-O has already been paid $302,761.29 for the goods and services allegedly provided to Pahalad by PH&S-O, and contends that amount is equal to or greater than the reasonable value of the goods and services allegedly provided to Pahahad. Except as specifically admitted herein, Mancuso denies each and every allegation contained in paragraph 5.

6. Mancuso admits PH&S-O timely made a claim for payment in the Probate proceeding and the Estate timely demanded written evidence supporting PH&S-O's claim. Mancuso denies the materials subsequently submitted by PH&S-O supported the alleged obligation asserted by PH&S-O. Except as specifically admitted herein, Mancuso denies each and every allegation contained in paragraph 6.

7. Mancuso admits the Estate properly and timely denied the claim submitted by PH&S-O. Except as specifically admitted herein, Mancuso denies each and every allegation contained in paragraph 7.

8. Mancuso incorporates by reference her responses to the allegations of paragraphs 1 through 7 in the Complaint.

9. Denies paragraph 9.

10. Mancuso incorporates by reference her responses to the allegations of paragraphs 1 through 9 in the Complaint.

ANSWER TO PLAINTIFF'S COMPLAINT                                                                 2

Thatcher Smith Law, LLC – 312 NW 10th Ave  #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 2 of 9

11. The allegations contained in paragraph 11 contain legal conclusions to which no response is required; therefore, the allegations contained in paragraph 11 are denied. To the extent any allegation contained in paragraph 11 requires a response, it is hereby denied.

12. Denies paragraph 12.

13. Mancuso denies PH&S-O is entitled to any of the relief requested in the "Prayer for Relief" section of the Complaint.

14. Mancuso hereby denies each and every allegation contained in the Complaint that was not specifically admitted.

### FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF.

(Unenforceability of Contract)

1. Defendant incorporates paragraphs 1--14 above as though fully set out herein

2. Any contract upon which PH&S-O's claims are based is unenforceable for reasons including but not limited to the following:

    a. The purported contract lacks material price terms;

    b. The purported contract is not supported by consideration;

    c. There was no meeting of the minds because the purported contract, as interpreted by PH&S-O, is inconsistent with a patient's reasonable expectations;

    d. The purported contract was obtained under duress or coercion during medical emergency in which Pahalad had no meaningful opportunity to negotiate the terms of the purported contract or even understand them;

ANSWER TO PLAINTIFF'S COMPLAINT 3

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 3 of 9

## SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF.

(Unjust Enrichment)

1. Defendant incorporates paragraphs 1-14 above as though fully set out herein.

2. PH&S-O has already been paid a total of $302,761.29 for the goods and services allegedly provided to Pahalad by PH&S-O.

3. PH&S-O has an undue advantage over Pahalad because PH&S-O determines the charges for goods and services, but does not disclose such charges until after the goods and services have been provided.

4. The payment already received was greater than or equal to the reasonable value of the goods and services allegedly provided.

5. Any additional payment to PH&S-O would unjustly enrich it at the expense of Pahalad's estate.

## THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF

(Waiver)

1. PH&S-O waived its claims for additional payment by knowingly and voluntarily abandoning its claims for additional payment from Pahalad's group health plan.

2. PH&S-O obtained an assignment of benefits from Pahalad permitting PH&S-O to stand in Pahalad's shoes for purposes of obtaining benefits and payment from the health plan.

3. PH&S-O received payment from the health plan for the goods and services PH&S-O allegedly provided to Pahalad.

4. PH&S-O was aware of the health plan's procedures and requirements for seeking additional payment for the goods and services allegedly provided to Pahalad.

5.   PH&S-O knowingly and voluntarily relinquished its right to seek additional payment for the goods and services allegedly provided to Pahalad by refusing to seek additional payment in accordance with the health plan's procedures and requirements.

**FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF**

(Accord and Satisfaction)

1.   PH&S-O's claims for relief are barred by the doctrine of accord and satisfaction.

2.   PH&S-O submitted a claim for payment for the goods and services allegedly provided to Pahalad to Pahalad's group health plan.

3.   PH&S-O received the full payment to which it is entitled from Pahalad's group health plan.

4.   PH&S-O accepted the payment from Pahalad's group health plan.

**FIFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF**

(Equitable Estoppel)

1.   PH&S-O is equitably estopped from pursuing its claims against Mancuso.

2.   PH&S-O concealed and/or misrepresented the amount it would charge or Pahalad would owe for the goods and services it would provide to him.

3.   Pahalad did not know and had no way of determining how much Plaintiff would charge or Pahalad would owe for the goods and services.

4.   Pahalad relied and PH&S-O intended for Pahalad to rely on the concealment and/or misrepresentation by believing PH&S-O would charge a reasonable amount for the goods and services.

5. Pahalad had no way of knowing PH&S-O would charge an amount far in excess of the reasonable value of the goods and services.

6. PH&S-O's charges for the goods and services exceed their reasonable value.

### SIXTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF

(Fraud)

1. The conduct of PH&S-O in this case constitutes actual and/or constructive fraud and is therefore against public policy.

2. PH&S-O caused Pahalad to believe PH&S-O would charge a reasonable amount for the goods and services it would provide.

3. Pahalad relied on this belief when receiving medical care at PH&S-O's hospital facility.

4. PH&S-O actually charged an excessive, unreasonable amount.

5. PH&S-O knew and still knows its chargemaster rates are excessive and unreasonable.

6. PH&S-O now seeks to collect its excessive, unreasonable charges.

### SEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF

(Unconscionability)

1. PH&S-O's claims for relief are barred by the doctrine of unconscionability.

2. The terms of any purported contract upon which PH&S-O's claims are based are unconscionable and, therefore, unenforceable.

ANSWER TO PLAINTIFF'S COMPLAINT 6

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 6 of 9

3.    PH&S-O's charges are so far in excess of the reasonable value of the goods and services allegedly provided to Pahalad as to shock the conscience.

4.    PH&S-O's charges grossly exceed the costs incurred to provide the goods and services and the amount typically paid for such goods and services.

5.    At the time Pahalad allegedly signed the purported contract, he was in the midst of a medical emergency.

6.    The charges to which Pahalad allegedly agreed in the purported contract were not disclosed to Pahalad.

7.    Pahalad had no meaningful opportunity to negotiate or even review the terms of the purported contract.

### EIGHTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S CLAIMS FOR RELIEF

(Violation of the Implied Covenant of Good Faith and Fair Dealing)

1.    PH&S-O's efforts to collect excessive and unreasonable charges pursuant to the purported contract violate the implied covenant of good faith and fair dealing.

2.    Pahalad's reasonably expected he would be charged and pay a fair and reasonable price for the goods and services PH&S-O would provide to him.

3.    PH&S-O's efforts to collect excessive, unreasonable, and unconscionable charges for the goods and services allegedly provided are inconsistent with Pahalad's reasonable expectations.

4.    No terms in the purported contract expressly permit PH&S-O to collect excessive and unreasonable charges for the goods and services allegedly provided.

ANSWER TO PLAINTIFF'S COMPLAINT      7

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 7 of 9

5. Enforcing the purported contract to collect excessive and unreasonable charges is inconsistent with Pahalad's reasonable expectations and would deny his estate the fruits of the purported contract.

### NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

(Failure to state a claim for breach of contract)

1. PH&S-O failed to state a claim for breach of contract because it failed to allege facts establishing the existence of a valid, enforceable contract against Pahalad or Pahalad's estate to pay the excessive charges PH&S-O seeks to collect in this action.

2. PH&S-O failed to allege facts establishing a contract price.

3. PH&S-O failed to allege facts establishing the charges it seeks to collect are reasonable.

4. PH&S-O fails to allege facts establishing a meeting of the minds.

5. PH&S-O fails to allege facts establishing consideration for the purported contract.

### NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S SECOND CLAIM FOR RELIEF.

(Failure to state a claim for wrongful denial of probate claim)

1. Mancuso has a fiduciary duty to "preserve, settle, and distribute the estate in accordance with the will and ORS chapters 111, 112, 113, 114, 115, and 117…with as little sacrifice of value as is reasonable…" ORS 114.265.

2. Mancuso performed her fiduciary duty to prevent loss to the estate by using her power to deny the unsupported and excessive claim of PH&S-O.

ANSWER TO PLAINTIFF'S COMPLAINT  8

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 5
Page 8 of 9

3. However, even if all the facts alleged in Plaintiffs' second claim for relief were true, which Defendant denies, Plaintiff does not allege and cannot allege facts that Mancuso's denial of PH&S-O's claim was an improper exercise of her power by denying the claim according to the procedures set out in statute.

4. Plaintiff does not allege and cannot allege how it is damaged or even potentially damaged by Mancuso's denial of the claim.

5. Therefore Plaintiffs fail to state a claim for personal liability against Mancuso.

WHEREFORE, having fully responded to PH&S-O's Complaint, Mancuso prays as follows:

1. That PH&S-O's Complaint be dismissed for failure to state a claim upon which relief may be granted;

2. That Mancuso's defenses be inquired into and that the same be sustained;

3. That Mancuso have judgment in her favor and against the PH&S-O;

4. That PH&S-O recover nothing against Mancuso or the Estate of Pahalad;

5. That all costs be taxed against the PH&S-O; and

6. That this Court enter such other and further relief as it deems just and proper under the circumstances.

**MANCUSO DEMANDS A TRIAL BY JURY**

DATED: December 16, 2016

                                      Thatcher Smith Law, LLC

                                      By: s/*Maret Thatcher Smith*
                                              Maret Thatcher Smith, OSB # 105103
                                              312 NW 10th Ave. #200B
                                              Portland, OR 97209
                                              Ph: 971-284-7129
                                              maret@thatchersmithlaw.com