12/19/2016 1:19:51 PM
16CV38474

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities,<br><br>Defendant. | Case No.: 16CV38474<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to ORCP 21(a)(8), Sanjana Pahalad Mancuso, personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities, moves to dismiss the second claim for relief, *i.e.*, wrongful denial of probate claim, asserted by Plaintiff, Providence Health & Sciences-Oregon, (PH&S-O) in its Complaint.

**FACTUAL ALLEGATIONS**

PH&S-O alleges it is a nonprofit corporation providing health services to patients. Complaint, ¶ 1. PH&S-O allegedly provided treatment to Rattan Kumar Pahalad on March 23, 2016. Complaint, ¶ 3. Pahalad died on April 4, 2016. Complaint, ¶ 3. Pahalad allegedly signed a

MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF                                                                                                      1

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

**Exhibit 6**
**Page 1 of 7**

Conditions of Admission form, which did not contain an agreed upon price but did indicate PH&S-O would bill "Charge Master rates in effect when services are provided." Complaint, ¶ 4. PH&S-O asserts Pahalad owed $740,263 for the goods and services provided to him before he died. Complaint, ¶ 5. PH&S-O has already been paid $304,761.29 for the goods and services it provided to Pahalad. Complaint, ¶ 5. PH&S-O does not allege the amount it billed is reasonable; however, it seeks to collect an additional $435,520.17. Complaint, ¶ 5.

Sanjana Pahalad Mancuso is the daughter of Pahalad and the personal representative of his estate. Complaint, ¶ 2. PH&S-O alleges it timely submitted a claim for payment to the estate on August 25, 2016. Complaint, ¶ 6. Acting as personal representative of the estate, Mancuso timely and properly requested documentation supporting the claim asserted by PH&S-O. Complaint, at ¶ 6. PH&S-O alleges it provided the requested documentation on October 12, 2016. Complaint, at ¶ 6. On October 24, 2016, Mancuso, acting as the personal representative of the estate, disallowed PH&S-O's claim on the basis that PH&S-O has already been paid properly and PH&S-O's charges are grossly excessive in comparison to the amounts typically paid and costs incurred to provide the goods and services at issue. Complaint, ¶ 7 and Exh. 2.

Although PH&S-O contends the denial of its claim was arbitrary, PH&S-O does not allege Mancuso improperly dissipated any assets of the estate nor identify any damages it suffered as the result of the denial of its probate claim; instead, it alleges only that Mancuso is personally liable to PH&S-O "to the extent that PH&SO is or may be damaged." Complaint, ¶¶ 7, 12. PH&S-O does not allege any way in which Mancuso interfered with its ability to pursue its claim pursuant to the well established procedures for disputed probate claims.

MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF 2

## STANDARD OF REVIEW

On a ORCP 21(A)(8) motion to dismiss, the Court reviews the legal sufficiency of the complaint. Adamson v. Worldcom Communications., Inc., 190 Or App 215, 221 (2003). To survive a motion to dismiss, the complaint must set forth ultimate facts supporting the claim for relief. ORCP 21(A)(8). Ultimate facts are facts from which legal conclusions are drawn. Fearing v. Bucher, 328 Or 367, n.5 (1999). Legal conclusions, on the other hand, are merely judgments about a particular set of facts or circumstances. Id. When reviewing the legal sufficiency of a complaint, the court accepts all well-pled factual allegations but does not consider conclusions of law. Id. at 371. Courts assume the truth of all factual allegations in the pleading and views the allegations and reasonable inferences that may be drawn from them in the light most favorable to the plaintiff. Bundy v. NuStar GP, LLC, 277 Or App 785, 793 (2016).

## ARGUMENT

PH&S-O brings a claim against Mancuso in her personal capacity for wrongful denial of its probate claim under ORS §115.145. Complaint, ¶¶ 10–12. This claim fails as a matter of law for three reasons. First, personal liability of a personal representative is limited by ORS § 114.405, which does not impose personal liability for disallowing a contested claim. Second, PH&S-O fails to allege Mancuso acted inconsistently with the lawful procedures for disallowance of a claim. Third, PH&S-O failed to allege any damages incurred as the result of Mancuso's disallowance of PH&S-O's claim. The remedy for the disallowance of a probate claim is not personal liability of the personal representative, but rather filing a request for summary determination in the probate

action or a separate action in a court of competent jurisdiction. Having to prove the liability asserted in the probate claim is not a damage.

**I.     Personal Representatives Are Not Personally Liable for Disallowing Probate Claims**

PH&S-O seeks to impose personal liability on Mancuso for disallowing its probate claim; however, the personal liability of a personal representative is specifically limited by Oregon law:

> The personal liability of a personal representative to third parties, as distinguished from fiduciary accountability to the estate, arising from the administration of the estate is that of an agent for a disclosed principal.

ORS § 114.405(1). Here, PH&S-O is a third party seeking to impose personal liability on Mancuso for acts arising from her administration of the estate, *i.e.*, disallowance of a claim against the estate. Thus, ORS § 114.405(1) governs Mancuso's personal liability. In such a situation, § 114.405(1) limits personal liability to that imposed on an agent acting for a disclosed principal. Id. The agent of a disclosed party is not personally liable so long as the agent acts within the scope of her authority, discloses her representative capacity, and acts in her representative capacity. Wiggins v. Barrett & Associates, 295 Or 679, 698 (1983).

Mancuso is not personally liable to PH&S-O for disallowing the claim because she was acting within the scope of her authority, disclosed her representative capacity, and acted in that capacity. Deciding whether to allow or disallow a claim against the estate is clearly within the scope of authority of a personal representative. ORS §§ 115.135 and 115.145. Thus, when Mancuso disallowed the claim, she was acting within the scope of her authority. Without a doubt, Mancuso both disclosed her representative capacity and PH&S-O was aware of her representative capacity when she disallowed the claim. Complaint, Exh. 2. Finally, Mancuso's disallowance of

the claim was undoubtedly taken in her representative capacity as personal representative of the estate. Complaint, Exh. 2. Accordingly, Mancuso cannot be held personally liable for disallowing the claim submitted by PH&S-O.

**II.    Mancuso Acted Pursuant to the Applicable Procedures in the Probate Code by Disallowing the Claim and Providing Statutory Notice**

Not only can PH&S-O not establish personal liability against Mancuso for disallowing its probate claim, but it fails to allege any conduct violating any provision of the probate code. The probate code governs the manner in which claims against the estate shall be presented to the personal representative. ORS §§ 115.005 and 115.025. The code further provides the claimant must produce written evidence of the claim when demanded by the personal representative. ORS § 115.045. The personal representative then either allows or disallows the claim. ORS § 115.135(1). If the claim is disallowed, the personal representative must file a notice of disallowance pursuant to the statute's requirements. ORS § 115.135(2). If the claim is disallowed, the claimant may pursue the claim by requesting a summary determination or filing a separate action. ORS § 115.145(1). The court considering the claim will then enter judgment in the amount of liability, if any, and the claim will be allowed in such amount. ORS § 115.145(3).

This is precisely the procedure Mancuso followed upon receipt of the claim, and PH&S-O does not allege otherwise. In fact, PH&S-O's own allegations demonstrate Mancuso followed the statutorily required procedures. PH&S-O alleges (1) it timely submitted a claim for payment to the estate on August 25, 2016 (Complaint, ¶ 6); (2) Mancuso requested written documentation supporting the claim (Complaint, ¶ 6); (3) PH&S-O provided the requested documentation (Complaint, ¶ 6); and (4) Mancuso, acting as the personal representative of the estate, disallowed

PH&S-O's claim (Complaint, ¶ 7 and Exh 2). None of these allegations support any wrongdoing on the part of Mancuso or the estate. Of course, PH&S-O contends the claim should have been allowed rather than disallowed; however, the remedy for a disallowed claim is not personal liability of the personal representative, but rather the ability to request summary determination or file a separate action. *See* ORS § 115.145(1). PH&S-O has not alleged any wrongful conduct that would establish personal liability of Mancuso. If PH&S-O's claim is valid, it will be allowed and paid pursuant to the procedure outlined in the statute. ORS § 115.145(3).

### III. PH&S-O Failed to Allege Any Damages Resulting from the Disallowance of its Probate Claim

Because PH&S-O has the right to request a summary determination in the probate court or file an action in a separate case, as it did here, the disallowance of the probate claim does not cause any damages. Nor has PH&S-O alleged any damages aside from the purported contract damages in the amount of $435,502.17. Instead, PH&S-O seeks damages "to the extent that PH&S-O is or may be damaged." This is not a legally sufficient allegation of damages to support a claim for relief. Allegations of the possibility for future harm or damages are not sufficient to state claim for which relief can be granted. Lowe v. Philip Morris USA, Inc., 207 Or App 532, 548–50 (2006). Nowhere in the complaint does PH&S-O allege any way in which it has suffered damages by the disallowance of the claim. Having to prove the validity of its claim by establishing Pahalad's liability is not in and of itself a damage. PH&S-O does not allege Mancuso has dissipated the assets or otherwise injured its right to recover on its claim if it succeeds in establishing liability in this action. Accordingly, the claim for wrongful denial of a probate claim fails as a matter of law because PH&S-O did not allege and has not suffered any damages.

## CONCLUSION

The Court should dismiss PH&S-O's cause of action for wrongful denial of probate claim because the Complaint fails to allege any facts (1) permitting the Court to impose personal liability against Mancuso, (2) establishing any action inconsistent with the statutory requirements applicable to Mancuso as the personal representative, or (3) identifying any damages arising from the alleged wrongful denial of the probate claim. The remedy for a disallowance of a probate claim is to file this action, which PH&S-O has done. PH&S-O failed to allege any conduct of Mancuso which will interfere with its ability to satisfy its claim if it is ultimately able to establish the validity of the claim by proving liability under the purported contract. PH&S-O fails to state a claim for which relief can be granted with respect to its second cause of action; therefore, the Court should dismiss that cause of action.

DATED: December 19, 2016

Thatcher Smith Law, LLC

By: s/Maret Thatcher Smith
Maret Thatcher Smith, OSB # 105103
312 NW 10th Ave. #200B
Portland, OR 97209
Ph: 971-284-7129
maret@thatchersmithlaw.com