IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities,<br><br>Defendant. | Case No. 16CV38474<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM** |

### SUMMARY OF ARGUMENT

This is a straightforward lawsuit asserting two claims: breach of contract against the estate of Rattan Kumar Pahalad, and an alternative or supplemental breach of fiduciary duty for the personal representative's wrongful denial of the claim related to that contract. The motion by defendant Sanjana Pahalad Mancuso ("Mancuso") takes the position that she cannot be held liable for breach of fiduciary in these circumstances, no matter what the facts turn out to be. Mancuso is incorrect. Plaintiff Providence Health and Services-Oregon ("PH&S-O") has adequately pleaded a claim for breach of fiduciary duty, so her pleading motion must be denied.

Mancuso first argues that personal representatives can never be held personally liable for denying a claim against the estate, which is incorrect because her misreading of the statute would eviscerate ORS 114.395 entirely with respect to one of the key

Page 1 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 13**
**Page 1 of 8**

obligations of a personal representative, the payment of valid claims to creditors. She then contends that ORS 115.145, the claims statute, is the exclusive remedy of creditors, which is incorrect because her contention is supported by no statute or decision of the Oregon courts. She finally contends, on a motion to dismiss, that PH&S-O's allegation of damage is inadequate because PH&S-O has the right to assert a claim against the estate, as it has in PH&S-O's First Claim for Relief; that is incorrect because PH&S-O has properly pleaded the possibility of damage flowing from the improper denial, which may include costs, attorney fees, and/or interest related to her breach of duty.

## ARGUMENT

### I. PERSONAL REPRESENTATIVES CAN BE PERSONALLY LIABLE FOR BREACH OF FIDUCIARY DUTY.

PH&S-O has stated a statutory claim for breach of fiduciary duty by a personal representative pursuant to ORS 114.395. Contrary to Mancuso's first contention (Motion at 4-5), the personal liability of a personal representative is not so limited as to preclude a claim for breach of fiduciary duty against a personal representative in their individual capacity by an interested person. Mancuso's argument is based upon a fundamental misinterpretation of the applicable probate code statutes.

PH&S-O is an "interested person" of the Estate of Rattan Kumar Pahalad (the "Estate"). "Interested person" is defined by the probate code as "devisees, children, spouses, creditors and any others having a property right <u>or claim against</u> the estate of a decedent that may be affected by the proceeding." ORS 111.005(19) (emphasis added). A claim "includes liabilities of a decedent, whether arising in contract, in tort or otherwise." ORS 111.005(7). PH&S-O has asserted that it has a claim against the Estate based upon a contractual agreement of decedent Rattan Kumar Pahalad ("Pahalad") with PH&S-O to pay for medical services rendered. As a result, PH&S-O is an "interested person" under the probate code.

Page 2 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 13**
**Page 2 of 8**

Mancuso, as the personal representative of the Estate has a fiduciary obligation to settle the estate properly and expeditiously:

> A personal representative is a fiduciary who is under a general duty to and shall collect the income from property of the estate in the possession of the personal representative and preserve, settle and distribute the estate in accordance with the terms of the will and ORS chapters 111, 112, 113, 114, 115, 116 and 117 as expeditiously and with as little sacrifice of value as is reasonable under the circumstances.

ORS § 114.265. That duty extends to PH&S-O, as the probate code further provides that "a personal representative, <u>acting reasonably for the benefit of interested persons,</u> is authorized to: … (25) Satisfy and settle claims and distribute the estate … ." ORS 114.305(25) (emphasis added). Precisely because of these fiduciary obligations, the probate code assigns personal liability to the personal representative for any breach:

> If the exercise of power by a personal representative in the administration of an estate <u>is improper</u>, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust.

ORS 114.395 (emphasis added).

Mancuso contends that ORS 114.405 governs her personal liability and limits it to that imposed on an agent acting for a disclosed principal. Motion at 4. ORS 114.395 is not so limited. ORS 114.405(1) provides that "[t]he personal liability of a personal representative to third parties, <u>as distinguished from fiduciary accountability to the estate,</u> arising from the administration of the estate is that of an agent for a disclosed principal." ORS 114.405(1) (emphasis added). Mancuso's argument ignores the key carve out for "fiduciary accountability to the estate" and assumes, incorrectly, that PH&S-O is a "third party" rather than an "interested party."

Well established cannons of statutory construction make plain that Mancuso's interpretation of ORS 114.405 cannot stand. *See* ORS 174.010 ("such construction is, if possible, to be adopted as will give effect to all [statutes]"). "It is commonly stated, as a

Page 3 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Exhibit 13
Page 3 of 8

rule of statutory construction, that the words used in a statute are to be given their 'plain' or 'ordinary' meaning." *Davis v. Wasco Intermediate Educ. Dist.*, 286 Or 261, 266, 593 P2d 1152, 1155 (1979). "Each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." *Cal-Roof Wholesale, Inc. v. State Tax Comm'n*, 242 Or 435, 443, 410 P2d 233, 237 (1966). In the context of the entire probate code, including the definition of interested party in ORS 111.005(19) and the establishment of personal liability for breach of fiduciary duty to an interested party in the administration of an estate in ORS 114.395, as well as the text of ORS 114.405 itself, it is clear that liability to "third parties" means entities or individuals who are not "interested parties" to whom the personal representative owes a fiduciary duty. In short, ORS 114.395 must be harmonized with ORS 114.405(1), and not be presumed to overturn it.

Moreover, the concept of immunizing agents who act for a disclosed principal is inapplicable when the "agent" is statutorily acting as a fiduciary. The rule upon which Mancuso is attempting to rely was described in the case cited by Mancuso, *Wiggins v. Barrett & Associates, Inc.,* 295 Or 679, 698, 669 P2d 1132, 1145 (1983), as follows:

> The general rule is well stated in Restatement (Second) of Agency § 320:
>
> > "Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."

The notion that strangers ("third parties") who deal with a known agent, aware that the agent is acting in a representative capacity, may not hold the agent personally liable when the agency is fully disclosed has nothing to do with a situation where a statute expressly holds otherwise. In the context of dealing with an ordinary agent, the agent has no fiduciary relationship with an unrelated third party. ORS 114.405(1) simply adopts the principle of agency liability with regard to a personal representative's dealings with third parties to whom it has no fiduciary relationship. It does not, as Mancuso contends, alter

Page 4 –  **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Exhibit 13
Page 4 of 8

1 the scope of a personal representative's express statutory fiduciary obligation and liability
2 to those with whom the personal representative does have a fiduciary relationship
3 (including "interested persons").

4 PH&S-O has asserted that Mancuso improperly exercised her powers as personal
5 representative of the Estate by denying PH&S-O's claim unreasonably and without
6 justification and is subject to personal liability for breach of her fiduciary duties pursuant
7 to ORS 114.395. Complaint, ¶¶ 6-7, 11-12. PH&S-O has therefore stated a claim upon
8 which relief can be granted and Mancuso's motion to dismiss should be dismissed.

### II. PH&S-O IS NOT BARRED FROM SEEKING LIABILITY AGAINST MANCUSO FOR IMPROPER EXERCISE OF PERSONAL REPRESENTATIVE DUTIES.

11 Citing to no authority whatsoever, Mancuso contends that ORS 115.145 is the
12 exclusive remedy available to an interested person upon a personal representative's
13 disallowance of a claim. Motion at 5. Mancuso's contention is without merit.

14 Nothing in the probate code says that ORS 115.145 is exclusive remedy for any
15 and all claims an interested person may have against a personal representative. *See*
16 *Thomas By & Through Petersen v. State By & Through Senior & Disabled Servs. Div.*,
17 319 Or 520, 531, 878 P2d 1081, 1086-87 (1994) (finding the probate code's grant of
18 ability to seek judicial assistance for payment of claim in ORS 115.185 is not exclusive
19 remedy absent a clear statutory intention to establish an exclusive remedy). ORS
20 115.145 simply provides a mechanism for a claimant to proceed against an estate for
21 payment of a claim. It says nothing about proceeding against a personal representative in
22 their individual capacity, and says nothing about the express claim against a personal
23 representative provided by ORS 114.395.

24 Mancuso's interpretation of ORS 115.145, carried to its logical conclusion, would
25 insulate a personal representative from personal liability for *improper* denials of claims in
26 breach of the personal representative's fiduciary duty to interested persons, and would

Page 5 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY
RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

**Exhibit 13**
**Page 5 of 8**

render ORS 114.395 a nullity in the context of claims against an estate. Mancuso's interpretation that ORS 115.145 is an exclusive remedy, regardless of any potential breach of fiduciary duty, therefore, cannot stand. There is no bar against PH&S-O bringing a claim against the Estate pursuant to ORS 115.145, and also a claim against Mancuso pursuant to ORS 114.395.

Mancuso devotes much attention to her contention that she followed the proper claims processing procedures in ORS chapter 115. Whether or not Mancuso properly exercised her fiduciary duties and whether or not PH&S-O's claim against Mancuso for alleged breach of those fiduciary duties will ultimately be successful, however, are issues of fact that are not ripe for decision under a motion to dismiss. PH&S-O has alleged wrongdoing on the part of Mancuso in the exercise of her fiduciary duties to PH&S-O. Complaint ¶¶ 6-12. Mancuso does not get to test the validity of those contentions upon a motion to dismiss where the Court must take PH&S-O's allegations as true for purposes of Mancuso's motion to dismiss. *Erickson v. Christenson*, 99 Or App 104, 106, 781 P2d 383, 385 (1989). Accordingly, PH&S-O has stated a claim pursuant to ORS 114.395 and Mancuso's motion to dismiss should be denied.

### III. PH&S-O HAS SUFFICIENTLY PLEADED DAMAGES AGAINST MANCUSO.

PH&S-O has requested judgment against Mancuso personally to the extent of the damages flowing from Mancuso's breach of fiduciary duty, of costs, and of reasonable attorney fees and other and further relief as may be just and equitable. Complaint at 4 (Prayer for Relief). Mancuso contends that disallowance of the probate claim did not cause damage, because PH&S-O had the right to request a summary determination or to file a separate action on disallowance of the probate claim. Motion at 6. Not so.

Even if PH&S-O's action against the Estate on the disallowed claim is successful, PH&S-O may still have been damaged by the delay caused by Mancuso's breach of

Page 6 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Exhibit 13
Page 6 of 8

fiduciary duty, including the costs associated with having to bring a judicial action against Mancuso for the wrongful denial. Personal representatives can be personally liable for costs and attorney fees associated with improper conduct. *See Moser v. Van Winkle*, 103 Or App 398, 403, 797 P2d 1063 (1990) (personal representative liable for the costs and attorney fees incurred in investigating a breach-of-duty claim).

PH&S-O is also entitled to statutory interest on its disallowed claim from the date that was "six months after the date of the first publication of notice to interested persons," because the personal representative of the Estate had a duty to pay PH&S-O's claim as of that date pursuant to ORS 115.185. *Thomas By & Through Petersen*, 319 Or at 529. Here, the date of first publication was June 24, 2016. *See* Request for Judicial Notice, Exhibit 1. Thus, PH&S-O's claim became "due" on December 24, 2016, and PH&S-O is entitled to statutory interest as of that date. *See Thomas By & Through Petersen*, 319 Or at 529. Mancuso's breach of her fiduciary duty in improperly and arbitrarily denying PH&S-O's claim caused an unnecessary delay in the payment to PH&S-O, entitled PH&S-O to damages in the form of statutory interest from December 24, 2016, to the time that the claim is paid.

**CONCLUSION**

PH&S-O respectfully requests that the Court deny Mancuso's Motion in its entirety, or, in the alternative, grant PH&S-O leave to amend its complaint.

DATED this 5th day of January, 2017.

HARRANG LONG GARY RUDNICK P.C.

By:   s/Arden J. Olson
Arden J. Olson, OSB 870704
arden.j.olson@harrang.com
Lorelei Craig, OSB 152515
lorelei.craig@harrang.com
Telephone: 541-485-0220
Facsimile: 541-686-6564
Of Attorneys for Plaintiff
  Trial Attorney: Arden J. Olson

Page 7 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Exhibit 13
Page 7 of 8

**CERTIFICATE OF SERVICE**

I certify that on January 5, 2017, I served or caused to be served a true and complete copy of the foregoing **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM** on the party or parties listed below as follows:

- ☑ Via the Court's Efiling System
- ☑ Via First Class Mail, Postage Prepaid
- ☑ Via Email (maret@thatchersmithlaw.com)
- ☐ Via Personal Delivery

Maret Thatcher Smith
Thatcher Smith Law
107 SE Washington St. Ste 255
Portland, OR 97214

    Of Attorneys for Defendant

HARRANG LONG GARY RUDNICK P.C.

By:    s/Arden J. Olson
Arden J. Olson, OSB 870704
arden.j.olson@harrang.com
Lorelei Craig, OSB 152515
lorelei.craig@harrang.com
Telephone: 541-485-0220
Facsimile: 541-686-6564
Of Attorneys for Plaintiff

00873279.v1

Page 8 – **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM**

HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue
Suite 300
Eugene, OR 97401-3273
Phone 541-485-0220
Fax 541-686-6564

Exhibit 13
Page 8 of 8