IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-OREGON,** an Oregon nonprofit corporation, dba Providence Portland Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**SANJANA PAHALAD MANCUSO,** personal representative of the Estate of Rattan Kumar Pahalad, in her official and personal capacities,<br><br>Defendant. | Case No.: 16CV38474<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Sanjana Pahalad Mancuso, personal representative of the Estate of Rattan Kumar Pahalad, moved to dismiss a cause of action asserted against her[1] to impose personal liability for disallowing a claim against the estate filed by Plaintiff, Providence Health & Sciences-Oregon (PH&S-O). PH&S-O opposes the motion to dismiss arguing that disallowance of the claim constituted a breach of fiduciary duty even though Mancuso followed the procedural requirements of the probate code and PH&S-O's claim will be allowed if it is able to prove the

---

[1] PH&S-O asserts this cause of action is an "alternative or supplemental" claim; however, the wrongful denial of probate claim cause of action is not an alternative claim. It is a separate cause of action seeking personal liability against the personal representative of the estate for disallowing a claim it filed.

REPLY IN SUPPORT OF MOTION TO DISMISS 1

validity of the claim. PH&S-O contends the damages it may suffer include attorney's fees and interest it will incur in proving the validity of the claim.

PH&S-O has not alleged any facts supporting a breach of fiduciary duty. If the Court adopts PH&S-O's position and permits PH&S-O to pursue a cause of action for breach of fiduciary duty, it will mean that a claim for breach of fiduciary duty may be stated against a personal representative any time a personal representative disallows any claim submitted to the estate. No Court has ever held the disallowance of a probate claim constituted a breach of fiduciary duty, and this Court should not be the first. To do so would eviscerate the probate code's procedures for handling disputed claims and dis-incentivize anyone from serving as a personal representative by exposing them to personal liability merely for disallowing a disputed claim. PH&S-O seems to argue a personal representative's fiduciary duty to a claimant requires her to allow any claim submitted. Unless such a duty exists, PH&S-O has failed to state a claim because it has not alleged any other basis for its breach of fiduciary duty claim against Mancuso.

Moreover, PH&S-O has not suffered any damages. When a personal representative, such as Mancuso, disallows a claim in accordance with the probate code, the claimant does not suffer any damages because the claim will still be allowed if the claimant proves the validity in a summary determination or separate action. A claimant's obligation to prove the validity of its claim is expressly contemplated by the probate code and does not constitute any damage.

**I.     PH&S-O Failed to Allege Facts Sufficient to Show Breach of Fiduciary Duty**

PH&S-O contends Mancuso owed it a fiduciary duty and she breached that fiduciary duty; however, PH&S-O has not alleged any facts sufficient to establish a breach of fiduciary duty claim. Instead, PH&S-O merely alleges Mancuso disallowed a claim she should have

REPLY IN SUPPORT OF MOTION TO DISMISS 2

allowed. This is not a breach of fiduciary duty, as it merely requires PH&S-O to prove the validity of its claim. The probate code explains the kinds of actions that give rise to liability under ORS § 114.395:

> If the exercise of power by a personal representative in the administration of an estate is improper, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust. **Exercise of power in violation of a court order *is* a breach of duty. Exercise of power contrary to the provisions of the will *may* be a breach of duty.**

ORS § 114.395. Acting in violation of a court order gives rise to liability for breach of fiduciary duty, and acting contrary to the terms of the will might give rise to such liability. *Id.*

Courts have found liability under this code section when personal representatives have acted wrongfully to the detriment of the estate. For example, when a personal representative made statements as a "joke" that he had not accounted for all the assets and those statements had to be investigated at the expense of the estate, the personal representative breached his fiduciary duty. *Moser v. Van Winkle*, 103 Or App 398 (1990). When a personal representative paid himself out of estate assets without following proper procedures for obtaining authorization for payment, he breached his fiduciary duties to the estate. *In re Coe*, 302 Or 553 (1987).

Courts have contemplated liability for breach of fiduciary duty in situations in which a personal representative sells estate assets or compromises a wrongful death claim for insufficient value. *See In re Estate of White*, 289 Or 13 (1980); *Wittick v. Miles*, 274 Or 1 (1976); *In re Estate of White*, 41 Or App 439 (1979). However in these cases, liability was not found. Courts have found or contemplated possible liability for breach of fiduciary duty only when estate assets have been improperly depleted.

REPLY IN SUPPORT OF MOTION TO DISMISS 3

PH&S-O simply does not allege any facts sufficient to establish a breach of fiduciary duty. PH&S-O contends it alleges facts supporting its breach of fiduciary duty claim at paragraphs 6 through 12 of its Complaint. (Pl.'s Opp'n to Mo. to Dismiss, at p. 6.) But these paragraphs from the Complaint lack any facts sufficient to state such a claim.

Paragraph 6 merely alleges PH&S-O submitted a claim, Mancuso requested proof of the claim, and PH&S-O submitted documentation in support of its claim. (Complaint, at ¶ 6.) None of these allegations support any finding of a breach of fiduciary duty, as they are all perfectly consistent with the probate code. *See* ORS §§ 115.005; 115.025; 115.045.

Paragraph 7 asserts Mancuso disallowed the claim and refers to the Notice of Disallowance attached to the Complaint. (Complaint, at ¶ 7.) The Notice of Disallowance of Claim states, "Through your claim, you seek to collect excessive, unreasonable charges that neither the decedent nor the estate ever agreed to pay." (Complaint, at Ex. 2.) Paragraph 7 incorrectly alleges the Notice of Disallowance of Claim states, "'neither the decedent nor the estate ever agreed to pay' PH&S-O's Charge Master rates . . . ." (Complaint, at ¶ 7.) This allegation conflicts with the Notice of Disallowance of Claim, which is attached to the Complaint (unless PH&S-O contends its Charge Master rates are excessive and unreasonable). Paragraph 7 also incorrectly alleges the Notice of Disallowance of Claim states "Pahalad should have been entitled to be paid by reference to Medicare rates." (Complaint, at ¶ 7.) Again, the Notice of Disallowance of Claim attached to the Complaint demonstrates this allegation is false, as it contains no such statement. Allegations that are inconsistent with documents attached to the Complaint are not entitled to the presumption of truth accorded to well-pled factual allegations when deciding a motion to dismiss. Finally, PH&S-O asserts "the rates to which Pahalad agreed were the rates reflected in the Obligation and in the

REPLY IN SUPPORT OF MOTION TO DISMISS 4

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

**Exhibit 15**
**Page 4 of 11**

Claim." (Complaint, at ¶ 7.) This statement is merely a judgment as to the proper interpretation of an alleged contract; thus, it is a legal conclusion which the court does not accept as true when deciding a motion to dismiss. *Fearing v. Bucher*, 328 Or 367, 371 (1999). Thus, the only well-pled factual allegation in paragraph 7 is the fact that Mancuso disallowed the claim.

Paragraph 8 realleges prior allegations and contains no new allegations.

Paragraph 9 contains a series of legal conclusions, but no ultimate facts. Paragraph 9 merely concludes Exhibit 1 to the Complaint is a "valid, enforceable contract," Mancuso breached the contract by disallowing PH&S-O's claim, and PH&S-O has been damaged in the amount of $435,502.17. These legal conclusions are not accepted as true or considered when reviewing the sufficiency of the complaint. *See Fearing*, 328 Or at 371.

Paragraph 10 realleges prior allegations and contains no new allegations.

Paragraph 11 merely contains legal conclusions concerning Mancuso's legal obligations as a personal representative, but it contains no ultimate facts for the Court to consider on this motion to dismiss. *See Fearing*, 328 Or at 371.

Finally, Paragraph 12 asserts "Mancuso's arbitrary denial of the Claim constituted a breach of her fiduciary duty under ORS 114.395, for which Mancuso is personally liable to PH&S-O to the extent that PH&S-O is or may be damaged by that breach." Again, paragraph 12 is merely another set of legal conclusions devoid of any well-pled factual matter.

Distilling paragraphs 6 through 12 down to the well-pled factual matter which the Court may consider when reviewing the sufficiency of the Complaint, PH&S-O has merely alleged that Mancuso disallowed PH&S-O's claim. PH&S-O does not allege violation of a court order, actions inconsistent with a will, self-dealing, wasting of assets, or any other wrongful conduct.

REPLY IN SUPPORT OF MOTION TO DISMISS 5

Disallowing a claim PH&S-O contends should have been allowed is simply not the type of conduct for which a personal representative may be liable for breach of fiduciary duty.

If PH&S-O has stated a claim for wrongful denial of probate claim on these facts, then the Court must necessarily agree that any time a personal representative disallows a disputed probate claim, the claimant can state a claim for breach of fiduciary duty. Such a holding would have a chilling effect on disallowances of disputed claims, incentivize personal representatives to allow any claim submitted to the estate to avoid personal liability even to the detriment of interested persons with legitimate claims or interests, and dis-incentivize anyone from serving as a personal representative for fear of having to defend against breach of fiduciary duty claims any time they disallow a disputed claim.

**II.    PH&S-O Fails to State a Claim Regardless of Whether ORS § 115.405 Governs Mancuso's Personal Liability in this Action**

PH&S-O spends substantial time in its opposition papers arguing ORS § 114.405, which is titled "Personal Liability of Personal Representative," does not apply to its action to impose personal liability against Mancuso for her actions as a personal representative. PH&S-O has two principal arguments. First, it argues PH&S-O is not a third party, but rather an interested party. Second, it argues the clause "as distinguished from fiduciary accountability to the estate," makes this § 114.405 inapplicable to personal liability of personal representatives to claimants. The Court does not need to resolve this issue because even if ORS § 114.405 does not apply to Mancuso's liability, PH&S-O has still failed to allege any facts sufficient to support a claim for breach of fiduciary duty under ORS § 114.395 for the reasons set forth in section I.

REPLY IN SUPPORT OF MOTION TO DISMISS                                                              6

PH&S-O seeks to impose personal liability on Mancuso for actions she allegedly took as a personal representative. Accordingly, the code section governing personal liability of personal representatives controls when personal liability may be imposed. The fact that PH&S-O is an interested party does not make ORS § 114.405 inapplicable. There is nothing inconsistent with PH&S-O being both an interested party and a third party. ORS § 114.395 governs fiduciary obligations owed to interested parties, while ORS § 114.405 governs the personal liability of personal representatives. The two sections are consistent even if a party, like PH&S-O, is both an interested party and a third party. One code section governs fiduciary obligations and the other governs personal liability.

The phrase "as distinguished from fiduciary accountability to the estate" in ORS § 114.405 does not make that section inapplicable to PH&S-O's action to impose personal liability on Mancuso. A personal representative has fiduciary accountability to the estate, but PH&S-O is not the estate. Thus, the fact that a personal representative's personal liability to a third party is different from its fiduciary obligation to the estate does not make § 114.405 inapplicable to PH&S-O's effort to impose personal liability.

Nevertheless, the Court does not have to apply ORS § 114.405 in order to dismiss PH&S-O's cause of action. The Court should dismiss the cause of action because PH&S-O fails to allege any conduct supporting a claim for breach of fiduciary duty. Accordingly, the Court need not resolve the issue regarding the applicability of ORS § 114.405.

REPLY IN SUPPORT OF MOTION TO DISMISS 7

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 15
Page 7 of 11

**III.     PH&S-O Has Not Suffered or Alleged Damages**

In order to state a claim for breach of fiduciary duty, the plaintiff must allege damages. *See* ORS § 114.395. PH&S-O did not allege any damages flowing from the alleged breach of fiduciary duty in the Complaint. Instead, PH&S-O stated "Mancuso is personally liable to PH&S-O to the extent that PH&S-O is or may be damaged . . . ." (Complaint, at ¶ 12.) This statement is not sufficient to show it suffered any damages. The fact that it may suffer damages in the future is not sufficient to state a claim for relief. *Lowe v. Philip Morris USA, Inc.*, 207 Or App 532, 548–50 (2006).

Although damages are not pled in the Complaint, PH&S-O argues in its opposition papers that it is entitled to recover costs, attorney's fees, and interest that will be incurred in the action it filed to prove its claim. (Pl.'s Opp'n to Mot. to Dismiss, at p. 6.) Even if PH&S-O were permitted to amend its pleadings through its opposition papers, which it is not, the costs, attorney's fees, and interest are not recoverable as damages.

**A.     Attorney's Fees**

Under the American Rule, a litigant generally cannot recover attorney's fees unless there is a statutory or contractual right to recover such fees. *Peace River Seed Co-op, Ltd. v. Proseeds Marketing, Inc.*, 355 Or 44, 65 (2014). Attorney's fees are generally not recoverable as consequential damages. *Raymond v. Feldman*, 124 Or App 543, 548–49 (1993). *See also Strawn v. Farmers Ins. Co.*, 353 Or 210, 227–228 (2013). Absent a contractual or statutory entitlement to attorney's fees, they are recoverable as damages only when the defendant's conduct caused the plaintiff to become engaged in litigation with a third party. *See Huffstutter v. Lind*, 250 Or 295, 301 (1968).

PH&S-O did not allege any facts that would entitle it to attorney's fees for Mancuso's alleged breach of fiduciary duty because it has not identified any contractual or statutory obligation on the part of Mancuso to pay PH&S-O's attorney's fees. PH&S-O also has not alleged Mancuso's conduct caused it to become embroiled in litigation with any third party. Instead, PH&S-O cites *Moser v. Van Winkle*, 103 Or App 398, 403 (1990), for the proposition that costs and attorney's fees incurred to prove the validity of its claim are recoverable as damages. But *Moser* does not support such a broad right to recover attorney's fees and is easily distinguishable from the case at bar. In *Moser*, the court of appeals affirmed a surcharge against Moser for false statements he made about missing assets that caused respondents to investigate at the expense of the estate. *Id.* at 400, 403. The attorney's fees awarded against Moser were expenses of the estate because they were incurred to investigate missing assets as a result of Moser's statements. *Id.* at n.3. The court of appeals found it significant that Moser's false statements "resulted in an investigation that depleted estate assets . . . ." *Id.* at 402. *Moser* stands for the narrow proposition that a personal representative can be liable for the costs of a breach of fiduciary duty when that breach depletes estate assets, which is entirely consistent with the language in § 114.395 requiring the breach results in "damage or loss." *See* O.R.S. § 114.395.

Here, unlike in *Moser*, Mancuso has done nothing other than disallow PH&S-O's claim as provided in the statutes and her actions have not resulted in the depletion of any estate assets. The key factor in *Moser*—depletion of estate assets—is completely lacking in this case. PH&S-O is not seeking to recover attorney's fees paid by the estate, it is merely seeking attorney's fees it may incur in seeking to prosecute this action to recover additional payments from the estate. Attorney's fees incurred to prosecute a claim are not recoverable unless there is some statutory or contractual

REPLY IN SUPPORT OF MOTION TO DISMISS 9

Thatcher Smith Law, LLC – 312 NW 10th Ave #200B, Portland Oregon 97209 – 971-284-7129

Exhibit 15
Page 9 of 11

obligation to pay attorney's fees. *See Peace River*, 355 Or at 65. PH&S-O is not entitled to recover attorney's fees for Mancuso's alleged breach of fiduciary duty; thus, they cannot be the damages suffered by PH&S-O.

**B.      Interest**

PH&S-O also contends its damages from the alleged breach of fiduciary duty include interest on its probate claim. The right to interest on probate claim does not arise until after a claim becomes "due" under the probate code. *Thomas by & Through Peterson v. State (In re Estate of Thomas)*, 319 Or 520, 528 (1994). Payment of a claim is not "due" until the time provided in ORS § 115.115. In turn, § 115.115 provides that claims against the estate become due only after they have been allowed. ORS § 115.115. PH&S-O's probate claim has not been allowed—it was disallowed; thus, payment is not "due" and interest has not accrued. *See In re Estate of Thomas*, 319 Or at 528–29. Since PH&S-O is not entitled to interest yet, that cannot be the damage suffered by PH&S-O. Accordingly, PH&S-O not only failed to plead any damages arising from the alleged breach of fiduciary duty, but also failed to identify any damages suffered from the alleged breach in its opposition papers. The Court should grant Mancuso's motion because PH&S-O has not suffered any damages for the alleged breach of fiduciary duty.

**CONCLUSION**

The Court should dismiss PH&S-O's cause of action for wrongful denial of probate claim because the Complaint fails to allege any facts sufficient to state a claim for breach of fiduciary duty or establish any damages caused by the alleged breach of fiduciary duty. PH&S-O has alleged nothing other than Mancuso disallowed its claim, causing it to have to prove the validity of the disputed claim. Such allegations are insufficient to show a breach of fiduciary duty and fail to

identify any damages. If PH&S-O can prove the validity of its probate claim, the claim will be allowed and paid pursuant to the requirements of the probate code. PH&S-O's wrongful denial of probate claim cause of action was filed solely because PH&S-O does not want the burden of having to prove the validity of its doubtful claim against the estate. The Court should grant Mancuso' motion to dismiss.

DATED: January 16, 2017

Thatcher Smith Law, LLC

  s/Maret Thatcher Smith
Maret Thatcher Smith, OSB # 105103
312 NW 10th Ave. #200B
Portland, OR 97209
Ph: 971-284-7129
maret@thatchersmithlaw.com