3/3/2017 3:40:35 PM
16CV38474

1

2

3

4

5

6

7

8  IN THE CIRCUIT COURT OF THE STATE OF OREGON

9  FOR THE COUNTY OF MULTNOMAH

10  PROVIDENCE HEALTH & SERVICES-
    OREGON, an Oregon nonprofit corporation,
11  dba Providence Portland Medical Center

12                  Plaintiff,

13          v.

14  SANJANA PAHALAD MANCUSO,
    personal representative of the Estate of
15  Rattan Kumar Pahalad, in her official and
    personal capacities, and ELAP SERVICES,
16  LLC, a Delaware limited liability company,

17                  Defendants.

**Case No. 16CV38474**

**DEFENDANT MANCUSO'S
MOTION TO DISMISS FIRST
AMENDED COMPLAINT**

**Assigned Motions Judge Eric J. Block**

**Oral Argument Requested**

18              **UTCR 5.050 CERTIFICATION**

19          Defendants estimate that 60 minutes for the hearing will be required. Official court

20  reporting services are not requested.

21              **UTCR 5.010 CERTIFICATION**

22          Counsel for Defendants Sanjana Pahalad Mancuso spoke with plaintiff's counsel by

23  telephone and made a good faith effort to confer about the substance of this motion, but the

24  parties could not reach agreement.

25

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 1

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 1 of 16**

**MOTION**

Pursuant to ORCP 21(a)(8), Defendant Sanjana Pahalad Mancuso, personal representative of the Estate of Rattan Kumar Pahalad (the Estate), in her official and personal capacities, moves to dismiss the second claim for relief, *i.e.*, breach of fiduciary duty, asserted by Plainitff, Providence Health & Services-Oregon (PH&S-O), in its First Amended Complaint. Mancuso filed a similar motion to dismiss PH&S-O's Complaint. During the February 8, 2017 hearing before the Honorable Eric J. Bloch, the Court required PH&S-O to amend the Complaint to make the Complaint more definite and certain. Although PH&S-O filed the First Amended Complaint, it has still failed to state claim for breach of fiduciary duty against Mancuso; therefore, the Court should grant Mancuso's motion to dismiss.

**INTRODUCTION**

This case arises out of a dispute over the appropriate reimbursement to PH&S-O for hospital goods and services it allegedly provided to Rattan Kumar Pahalad before his death at the hospital. Despite being paid for those goods and services by Pahalad's group health plan, PH&S-O sought additional payment by filing a claim against the Estate. Based on the prior payment and the failure of PH&S-O to establish the amount it sought to collect was reasonable, Mancuso, as personal representative of the Estate, disallowed PH&S-O's claim. PH&S-O then filed this action, but in addition to seeking to prove the validity of its claim against the Estate, PH&S-O also seeks to impose personal liability against Mancuso merely for disallowing the claim in the probate proceeding. The only damages it asserts are the burdens of having to prove the validity of the claim against the Estate, *i.e.*, attorney's fees and "the time value of the claim against the Estate lost due to the delay in allowing such claim." Importantly, PH&S-O does not allege Mancuso violated any court order, acted inconsistently with the terms of the will, or improperly caused the dissipation of any assets of the Estate; nor does PH&S-O allege any damages other than attorney's fees and delay associated with having to prove the validity of the claim against the estate.

**DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** - 2

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24**
**Page 2 of 16**

1    The Court should dismiss the breach of fiduciary duty claims for three separate reasons—

2 each of which is alone sufficient to warrant dismissal. First, the actions complained of by PH&S-

3 O are protected by the absolute litigation privilege since Mancuso took such actions in

4 connection with ongoing litigation. Second, Mancuso's alleged conduct does not rise to the level

5 of a breach of fiduciary duty. Third, PH&S-O has not alleged any recoverable damages suffered

6 as a result of Mancuso's alleged actions.

7    PH&S-O's breach of fiduciary duty claim against Mancuso is novel and unprecedented.

8 No Oregon court has ever imposed personal liability on a personal representative for disallowing

9 a claim. Such liability is inconsistent with the probate code and the case law developed under the

10 code. Recognizing this cause of action would have a chilling effect on Oregonians' willingness

11 to act as personal representatives by putting them in an irreconcilable conflict between claimants

12 and heirs of estates, threatening personal liability in virtually every instance. This Court should

13 decline PH&S-O's invitation to make probate proceedings a minefield for personal

14 representatives by extending the breach of fiduciary cause of action far beyond its well-defined

15 limits.

16                                      **FACTUAL ALLEGATIONS**

17    PH&S-O alleges it is a nonprofit corporation providing health services to patients. (First

18 Amended Complaint (FAC), at ¶ 1.) PH&S-O allegedly provided treatment to Pahalad on March

19 23, 2016. (FAC, at ¶ 4.) Pahalad died on April 4, 2016. (FAC, at ¶ 4.) Pahalad allegedly signed a

20 Conditions of Admission form, which did not contain an agreed upon price but did indicate PH&S-

21 O would bill "Charge Master rates in effect when services are provided." (FAC, at ¶ 5.) PH&S-O

22 asserts Pahalad owed $740,263 for the goods and services provided to him before he died. (FAC, at

23 ¶ 6.) PH&S-O has already been paid $304,761.29 for the goods and services it provided to

24 Pahalad. (FAC, at ¶ 6.) PH&S-O does not allege the amount it billed is reasonable; however, it

25 seeks to collect an additional $435,520.17. (FAC, at ¶ 10.)

26    Mancuso is the daughter of Pahalad and the personal representative of the Estate. (FAC, at

**DEFENDANT MANCUSO'S MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT** - 3

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24**
**Page 3 of 16**

¶ 2.) PH&S-O alleges it timely submitted a claim for payment to the Estate on August 25, 2016. (FAC, at ¶ 12.) Acting as personal representative of the Estate, Mancuso timely and properly requested documentation supporting the claim asserted by PH&S-O. (FAC, at ¶ 12.) PH&S-O alleges it provided the requested documentation on October 12, 2016. (FAC, at ¶ 12.) On October 24, 2016, Mancuso, acting as the personal representative of the estate, disallowed PH&S-O's claim on the basis that PH&S-O has already been paid properly and PH&S-O's charges are grossly excessive in comparison to the amounts typically paid and costs incurred to provide the goods and services at issue. (FAC, at ¶ 17 and Exhibit 2.)

PH&S-O alleges Mancuso made several false statements in the Notice of Disallowance of Claim filed in the probate proceeding and attached to the First Amended Complaint as Exhibit 2. Ironically, while alleging Mancuso made a false statement, PH&S-O's clearly makes false statements in its First Amended Complaint. For example, in paragraph 17, PH&S-O alleges, "In her denial, Mancuso contended that 'neither the decedent nor the estate ever agreed to pay' PH&S-O's Chargemaster rates . . . ." However, the Notice of Disallowance of Claim clearly states only that, "Through [PH&S-O's] claim, [PH&S-O] seek[s] to collect excessive, unreasonable charges that neither the decedent nor the estate ever agreed to pay." Mancuso simply did not make the statement attributed to her by PH&S-O, and that is conclusively established by the exhibit to the First Amended Complaint. PH&S-O alleges other statements in the Notice of Disallowance of Claim are also false, including statements such as Mancuso's contention that the Estate is not liable to pay the charges at issue and that PH&S-O has already been paid properly for the goods and services. PH&S-O does not allege Mancuso made any false statement outside of the Notice of Disallowance of Claim.

PH&S-O alleges it has been damaged by Mancuso's actions because it was forced to file this action and incur costs, expenses, and attorney's fees to prove the validity of its claim against the Estate and it "lost the time value of the Claim occasioned by the delay caused by the denial...." Thus, the only damages PH&S-O alleges are attorney's fees incurred establishing the validity of its

**DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** - 4

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR  97225
Telephone:  (503) 242-2922

**Exhibit 24**
**Page 4 of 16**

1   claim and interest. PH&S-O does not allege Mancuso acted in violation of a court order, contrary

2   to the terms of the will, or in a manner that improperly dissipated assets of the Estate.

3                                              **ARGUMENT**

4           The Court should dismiss PH&S-O's cause of action for breach of fiduciary duty. All of

5   the alleged misconduct constitutes actions or statements made in connection with or incident to a

6   judicial proceeding, making all such alleged misconduct protected by the absolute litigation

7   privilege. Separately, none of the alleged statements or conduct constitutes a breach of fiduciary

8   duty within the meaning of the probate code, nor are the allegations sufficient to impose personal

9   liability against Mancuso. Finally, PH&S-O has neither alleged nor suffered any damages as a

10  resulted of alleged breach of fiduciary duty. Accordingly, PH&S-O fails to state a claim for

11  which relief may be granted.

12  **I.    PH&S-O's Cause of Action Is Barred by the Absolute Privilege Because All of
           Mancuso's Allegedly Improper Conduct Occurred in the Context of a Pleading
13         Filed in the Probate Proceeding**

14          "Oregon courts have long recognized, and enforced, an absolute privilege for statements

15  in the course of or incident to judicial and quasi-judicial proceedings. That privilege applies

16  equally to parties to such proceedings and to their attorneys." *Mantia v. Hanson*, 190 Or App

17  412, 417 (2003). The absolute privilege applies to "actions taken and statements made in

18  connection with a judicial proceeding." *Franson v. Radich*, 84 Or App 715, 719 (1987). The

19  absolute privilege cannot be used as a bar when the actor's conduct is so egregious that (1) the

20  actor lacked probable cause for the actions or statements, (2) the primary purpose of the

21  statements was something other than adjudicating the claims asserted, and (3) the prior

22  proceedings were terminated in favor of the party now bringing the claim. *Mantia*, 190 Or Appat

23  429.

24          The absolute privilege protects Mancuso's statements in the Notice of Disallowance of

25  Claim filed in the probate proceeding. Statements made in a pleading filed in a probate

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 5

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 5 of 16**

proceeding are clearly made in the course of a judicial proceeding. *See Mantia*, 190 Or App at 417. The absolute privilege extends to parties and their attorney's in such proceedings. *Id.* Because the absolute privilege also applies to actions taken in connection with a judicial proceeding, the act of disallowing PH&S-O's claim in the probate proceeding is also subject to the absolute privilege. *See Franson*, 84 Or App at 719. Because Mancuso's only allegedly improper conduct occurred in connection with the probate proceeding, the absolute privilege bars PH&S-O's breach of fiduciary duty claim against her unless PH&S-O can avail itself of the exception to the absolute privilege delineated in *Mantia*.

The allegations in the First Amended Complaint foreclose PH&S-O from availing itself of the *Mantia*'s exception to the absolute privilege. The *Mantia* exception requires three showings: (1) the actor lacked probable cause, (2) the actor's primary purpose was something other than adjudication of the claims in the prior proceeding, and (3) the prior proceeding was terminated in favor of the party bringing the new claim.

First, Mancuso did not lack probable cause. PH&S-O's allegations make this clear because it alleges ELAP provided all of the allegedly false information to Mancuso. (FAC, at ¶¶ 17, 30.) Since ELAP allegedly communicated all of this information to Mancuso, she possessed probable cause for her statements and disallowance of the claim. PH&S-O's own allegations make it clear that it cannot satisfy the first prong of the *Mantia* exception.

Second, PH&S-O fails to allege Mancuso acted for any purpose other than the adjudication of the claims at issue in the probate proceeding—nor could it allege otherwise. Mancuso merely decided whether to allow or disallow the claim filed by PH&S-O in the probate proceeding. She could not have been acting for any other or improper purpose. While PH&S-O does allege ELAP acted for improper purposes (FAC, at ¶ 11), it does not and cannot allege Mancuso did so. In fact, PH&S-O contends that Mancuso is a victim of ELAP. (FAC, at ¶ 11.) Thus, PH&S-O cannot satisfy the second prong of the *Mantia* exception.

Third, PH&S-O cannot satisfy the third prong of the *Mantia* exception because the

**DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** - 6

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24**
**Page 6 of 16**

1  probate proceeding was not resolved in favor of PH&S-O. PH&S-O clearly has not alleged

2  otherwise and cannot do so as it has not established the claim against the Estate should have been

3  allowed. PH&S-O's breach of fiduciary duty claim in this action puts the cart before the horse.

4          Actions taken and statements made in connection with a judicial proceeding are afforded

5  an absolute privilege insulating litigants from liability. The absolute privilege bars PH&S-O's

6  claim against Mancuso for disallowing the claim against the Estate in the probate proceeding,

7  and PH&S-O's allegations foreclose it from establishing an exception to the absolute privilege.

8  Accordingly, the Court should grant Mancuso's motion to dismiss PH&S-O's claim for breach of

9  fiduciary duty.

10  **II.      Mancuso's Alleged Actions Were Not Improper and Do Not Support Personal
           Liability Against Mancuso**

11

12          No Oregon court has ever imposed personal liability on a personal representative or

13  found a breach of fiduciary duty for the mere disallowance of a probate claim. This Court should

14  not do so for the first time. Mancuso disallowed the probate claim in accordance with the probate

15  code's procedures. Mancuso's disallowance of PH&S-O's probate claim is not remotely similar

16  to the conduct courts have found constitutes a breach of fiduciary duty under ORS 114.395—the

17  code section under which PH&S-O contends its claim arises. The alleged conduct also does not

18  violate ORS 115.405, which governs the personal liability of personal representatives to third

19  parties. If the Court recognized this cause of action as a viable claim, it would have a chilling

20  effect on all Oregonians' willingness to serve as personal representatives, detrimentally

    impacting the state's probate system.

21          **A.      Mancuso Disallowed the Claim Properly under the Probate Code**

22  When a claimant, like PH&S-O submits a claim against an estate, the personal representative

23  must allow or disallow the claim in accordance with the statutory procedures. The probate code

24  governs the manner in which claims against the estate shall be presented to the personal

25  representative. ORS 115.005 and ORS 115.025. The code further provides the claimant must

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 7

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 7 of 16**

produce written evidence of the claim when demanded by the personal representative. ORS

115.045. The personal representative then either allows or disallows the claim. ORS 115.135(1). If

the claim is disallowed, the personal representative must file a notice of disallowance pursuant to

the statute's requirements. ORS 115.135(2). If the claim is disallowed, the claimant may pursue the

claim by requesting a summary determination or filing a separate action. ORS 115.145(1). The

court considering the claim will then enter judgment in the amount of liability, if any, and the claim

will be allowed in such amount. ORS 115.145(3).

This is precisely the procedure Mancuso followed upon receipt of the claim, and PH&S-O

does not allege otherwise. In fact, PH&S-O's own allegations demonstrate Mancuso followed the

statutorily required procedures. PH&S-O alleges (1) it timely submitted a claim for payment to the

estate on August 25, 2016 (FAC, at ¶ 12); (2) Mancuso requested written documentation

supporting the claim (FAC, at ¶ 12); (3) PH&S-O provided the requested documentation (FAC, at

¶ 12); and (4) Mancuso, acting as the personal representative of the estate, disallowed PH&S-O's

claim (FAC, at ¶ 17 and Exhibit 2). None of these allegations support any wrongdoing on the part

of Mancuso or the Estate. Of course, PH&S-O contends the claim should have been allowed rather

than disallowed; however, the remedy for a disallowed claim is not personal liability of the

personal representative, but rather the ability to request summary determination or file a separate

action. *See* ORS 115.145(1).

ORS 115.145 provides the remedy available to a claimant whose claim is incorrectly

disallowed:

> In a proceeding for summary determination of a claim or in a separate action on a claim,
> the claim shall be allowed or judgment entered on the claim in the full amount of the
> liability, if any, of the decedent to the claimant. However, **the claim shall be paid only to
> the extent of the assets of the estate allocable to the payment of the claim pursuant to
> ORS 115.115 and 115.125.**

ORS 115.145(3) (emphasis added). Through its breach of fiduciary duty claim, PH&S-O is seeking

to do exactly what the probate code prohibits: collect more than the amount of assets allocable to

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 8

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 8 of 16**

1    the claim under the code. *See* FAC, at ¶ 27(b) (asserting "Mancuso is personally liable in the event

2    that estate assets are insufficient to fully pay PH&S-O"). The breach of fiduciary cause of action is

3    merely an attempt at an end run around the carefully crafted procedures of the probate code.

4          **B.**      **Disallowance of a Probate Claim Is Not Improper Exercise of Power**

5        PH&S-O contends Mancuso owed it a fiduciary duty and she breached that fiduciary

6    duty; however, PH&S-O has not alleged any facts sufficient to establish a breach of fiduciary

7    duty claim. Instead, PH&S-O merely alleges Mancuso disallowed a claim she should have

8    allowed. This is not a breach of fiduciary duty, as it merely requires PH&S-O to prove the

9    validity of its claim. The probate code explains the kinds of actions that give rise to liability

10    under O.R.S. 114.395:

11

12          If the exercise of power by a personal representative in the administration of an estate is improper, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust.

13          **Exercise of power in violation of a court order *is* a breach of duty. Exercise of power contrary to the provisions of the will *may* be a breach of duty.**

14

15    O.R.S. 114.395. Acting in violation of a court order gives rise to liability for breach of fiduciary

16    duty, and acting contrary to the terms of the will might give rise to such liability. *Id.*

17        Courts have also found liability under this code section when personal representatives

18    have acted improperly to the detriment of the estate. For example, when a personal representative

19    made statements as a "joke" that he had not accounted for all the assets and those statements had

20    to be investigated at the expense of the estate, the personal representative breached his fiduciary

21    duty. *Moser v. Van Winkle*, 103 Or App 398 (1990). When a personal representative paid

22    himself out of estate assets without following proper procedures for obtaining authorization, he

23    breached his fiduciary duties to the estate. *In re Coe*, 302 Or 553 (1987). Courts have

24    contemplated liability for breach of fiduciary duty in situations in which a personal

25    representative sells estate assets or compromises a wrongful death claim for insufficient value.

26    *See In re Estate of White*, 289 Or 13 (1980); *Wittick v. Miles*, 274 Or 1 (1976); *In re Estate of*

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 9

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 9 of 16**

1   *White*, 41 Or App 439 (1979). Courts have found or contemplated possible liability for breach of

2   fiduciary duty only when estate assets have been improperly depleted.

3       PH&S-O makes no allegation, nor can it, that Mancuso violated a court order, acted

4   contrary to the terms of the will, or caused an improper diminution in assets of the Estate.

5   Accordingly, there is no breach of fiduciary duty. The only allegation against Mancuso is that

6   she disallowed a claim that should have been allowed. Requiring a claimant to establish the

7   validity of its claim is not a breach of fiduciary duty. *See* ORS 115.145(3).

8       PH&S-O's attempt to color the disallowance as improper because it contains false

9   statements tests the boundaries of frivolous litigation. PH&S-O suggests that denying liability,

10  contending PH&S-O has already been properly paid, and taking the position that costs to provide

11  the goods and services are relevant to their reasonable value in the Notice of Disallowance were

12  false statements to the probate court. It is well settled that such contentions or expressions of

13  opinion are not actionable. *See, e.g.*, *Horner v. Wagy*, 173 Or 441, 455 (1944). The assertions

14  that Mancuso falsely stated neither the Estate nor Pahalad ever agreed to pay Charge Master

15  rates is even more problematic because Mancuso made no such statement. Mancuso merely

16  stated, "Through [PH&S-O's] claim, [PH&S-O] seek[s] to collect excessive, unreasonable charges

17  that neither the decedent nor the estate ever agreed to pay." (FAC, at Exhibit 2.) In turn, PH&S-O

18  alleges, "In her denial, Mancuso contended that 'neither the decedent nor the estate ever agreed to

19  pay' PH&S-O's Chargemaster rates . . . ." (FAC, at ¶ 17.) Thus, PH&S-O's contention—that

20  Mancuso denied the Estate or Pahalad agreed to pay PH&S-O's Charge Master rates—is itself

21  false.[1] Mancuso never made such a statement, as conclusively demonstrated by Exhibit 2 to the

22  First Amended Complaint. Regardless, PH&S-O has simply failed to identify any conduct on the

23

24

25      [1] PH&S-O's statement can only be true if it admits its Charge Master rates are excessive, unreasonable charges.

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** - 10

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

Exhibit 24
Page 10 of 16

1   part of Mancuso that is "improper" within the meaning of ORS 114.395. Accordingly, the Court

2   should dismiss the breach of fiduciary duty cause of action.

3       **C.    Personal Representatives Are Not Personally Liable for Disallowing Probate
            Claims**

4

5       PH&S-O also fails to plead facts sufficient to impose personal liability under ORS 114.405,

6   which is the statutory provision governing personal liability of personal representatives. Subsection

7   1, which governs personal liability to third parties, is the most relevant:

8       The personal liability of a personal representative to third parties, as distinguished from
        fiduciary accountability to the estate, arising from the administration of the estate is that of

9       an agent for a disclosed principal.

10

11  ORS 114.405(1). Here, PH&S-O is a third party seeking to impose personal liability on Mancuso

12  for acts arising from her administration of the Estate, *i.e.*, disallowing the claim against the Estate.

13  Thus, ORS114.405(1) governs Mancuso's personal liability. In such a situation, ORS114.405(1)

14  limits personal liability to that imposed on an agent acting for a disclosed principal. *Id.* The agent

15  of a disclosed party is not personally liable so long as the agent acts within the scope of her

16  authority, discloses her representative capacity, and acts in her representative capacity. *Wiggins v.*

17  *Barrett & Associates*, 295 Or 679, 698 (1983).

18      Mancuso is not personally liable to PH&S-O here because she was acting within the scope

19  of her authority, disclosed her representative capacity, and acted in that capacity. Deciding whether

20  to allow or disallow a claim against the estate is clearly within the scope of authority of a personal

21  representative. ORS 115.135 and ORS 115.145. Thus, when Mancuso disallowed the claim, she

22  was acting within the scope of her authority. Without a doubt, Mancuso both disclosed her

23  representative capacity and PH&S-O was aware of her representative capacity when she

24  disallowed the claim. (FAC, at Exhibit 2.) Finally, Mancuso's disallowance of the claim was

25  undoubtedly in her representative capacity as personal representative of the estate. (FAC, at

26  Exhibit 2.) Accordingly, Mancuso cannot be held personally liable for disallowing the claim

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 11

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 11 of 16**

1    submitted by PH&S-O.

2        **D.    Recognizing PH&S-O's Cause of Action under these Circumstances Would
         Detrimentally Impact the Probate System**

3

4            If courts permitted causes of action for breach of fiduciary duty under these circumstances,

5    the court system would be clogged with such claims. Recognizing this cause of action under these

6    circumstances would mean that any claimant or heir to an estate can state a claim for breach of

7    fiduciary duty against a personal representative any time a claim is allowed or disallowed merely

8    by alleging the personal representative made the wrong decision. The probate code's procedures

9    for handling disputed claims would be eviscerated and lawsuits would abound. Oregonians

10   would be dis-incentivized from serving as personal representatives because they would be

11   exposed to litigation and potential personal liability whenever they were required to allow or

12   disallow a claim. The threat of widespread personal liability of personal representatives would

13   have a detrimental effect on the entire probate system as no one would want to serve as a

14   personal representative. No Court has ever held the disallowance of a probate claim constituted a

15   breach of fiduciary duty, and this Court should not be the first.

16   **IV.    PH&S-O Fails to Allege Any Recoverable Damages**

17           In order to state a claim for breach of fiduciary duty, the plaintiff must allege damages.

18   *See* O.R.S. 114.395. PH&S-O did not allege any damages flowing from the alleged breach of

19   fiduciary duty in the Complaint. Instead, PH&S-O stated it has been damaged by being "forced

20   to file this lawsuit to collect the Claim against the estate and Mancuso," (FAC, at ¶ 27(a)), and

21   losing "the time value of the Claim occasioned by the delay caused by the denial so it is entitled

22   to interest," (FAC, at ¶ 27(b)). PH&S-O seeks to collect attorney's fees, costs, and interest as a

23   result of these purported injuries, but PH&S-O does not allege any other damages. Attorney's

24   fees, costs, and interest are not recoverable as damages.

25

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT** - 12

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone: (503) 242-2922

**Exhibit 24
Page 12 of 16**

1   **A.    Attorney's Fees**

2          Under the American Rule, a litigant generally cannot recover attorney's fees unless there is

3   a statutory or contractual right to recover such fees. *Peace River Seed Co-op, Ltd. v. Proseeds*

4   *Marketing, Inc.*, 355 Or 44, 65 (2014). Attorney's fees are generally not recoverable as

5   consequential damages. *Raymond v. Feldman*, 124 Or App 543, 548–49 (1993). *See also Strawn v.*

6   *Farmers Ins. Co.*, 353 Or 210, 227–228 (2013). Absent a contractual or statutory entitlement to

7   attorney's fees, they are recoverable as damages only when the defendant's conduct caused the

8   plaintiff to become engaged in litigation with a third party. *See Huffstutter v. Lind*, 250 Or 295, 301

9   (1968).

10          PH&S-O did not allege any facts that would entitle it to attorney's fees for Mancuso's

11   alleged breach of fiduciary duty. PH&S-O has not identified any contractual or statutory obligation

12   on the part of Mancuso to pay PH&S-O's attorney's fees.[2] PH&S-O also has not alleged

13   Mancuso's conduct caused it to become embroiled in litigation with any third party. Instead,

14   PH&S-O cites *Moser v. Van Winkle*, 103 Or App 398, 403 (1990), for the proposition that costs

15   and attorney's fees are recoverable as damages. But *Moser* does not support such a broad right to

16   recover attorney's fees and is easily distinguishable from the case at bar. In *Moser*, the court of

17   appeals affirmed a surcharge against Moser for false statements he made about missing assets that

18   caused respondents to investigate at the expense of the estate. *Id.* at 400, 403. The attorney's fees

19   awarded against Moser were the expenses of the estate because they were incurred to investigate

20   missing assets as a result of Moser's statements. *Id.* at n.3. The court of appeals found it significant

21   that Moser's false statements "resulted in an investigation that depleted estate assets . . . ." *Id.* at

22

23          [2] PH&S-O correctly states there is a clause concerning attorney's fees in a document allegedly
24   signed by Pahalad (FAC, at ¶ 27(a)); however, if that contractual attorney's fee provision is valid, it is
     only enforceable against the Estate, not against Pahalad. That PH&S-O seeks attorney's fees from
25   Mancuso when it contends it has a valid claim for attorney's fees against the Estate reveals PH&S-O's
     motive in bringing this unprecedented breach of fiduciary duty claim.

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT** - 13

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR  97225
Telephone:  (503) 242-2922

**Exhibit 24**
**Page 13 of 16**

402. *Moser* stands for the narrow proposition that a personal representative can be liable for the costs of a breach of fiduciary duty when that breach depletes estate assets, which is entirely consistent with the language in 114.395 requiring the breach results in "damage or loss." *See* ORS 114.395.

Here, unlike in *Moser*, Mancuso has done nothing other than disallow PH&S-O's claim as provided in the statutes and her actions have not resulted in the depletion of any estate assets. The key factor in *Moser*—depletion of estate assets—is completely lacking in this case. PH&S-O is not seeking to recover attorney's fees paid by the estate, it is merely seeking attorney's fees it may incur in seeking to prosecute this action to recover additional payments from the estate. Attorney's fees incurred to prosecute a claim are not recoverable unless there is some statutory or contractual obligation. *See Peace River*, 355 Or at 65. PH&S-O is not entitled to recover attorney's fees for Mancuso's alleged breach of fiduciary duty; thus, attorney's fees cannot be the damages allegedly suffered by PH&S-O.

### B.    Interest

PH&S-O also contends its damages from the alleged breach of fiduciary duty include interest on its probate claim. The right to interest on a probate claim does not arise until after a claim becomes "due" under the probate code. *Thomas by & Through Peterson v. State (In re Estate of Thomas)*, 319 Or 520, 528 (1994). Payment of a claim is not "due" until the time provided in O.R.S. 115.115. In turn, 115.115 provides that claims against the estate become due only after they have been allowed. O.R.S. 115.115. PH&S-O's probate claim has not been allowed—it was disallowed; thus, payment is not "due" and interest has not accrued. *See In re Estate of Thomas*, 319 Or at 528–29. Since PH&S-O is not entitled to interest, that cannot be the damage suffered by PH&S-O. Accordingly, PH&S-O not only failed to plead any recoverable damages arising from the alleged breach of fiduciary duty. Therefore, Court should grant Mancuso's motion.

**DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** - 14

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR  97225
Telephone:  (503) 242-2922

**Exhibit 24**
**Page 14 of 16**

1

**CONCLUSION**

2       PH&S-O fails to state a claim for relief that can be granted with respect to its second cause

3  of action. Therefore, the Court should grant Mancuso's Motion to Dismiss the Claim.

4

5       DATED this 3rd day of March, 2017.

6
                                                GORDON & POLSCER, L.L.C.
7

8
                                                By: */s/Mary-Anne S. Rayburn*
9                                               Mary-Anne S. Rayburn, OSB No. 803680
                                                mrayburn@gordon-polscer.com
10                                              Robert Spajic, OSB No. 961519
                                                Phone No. (503) 242-2922
11

12
                                                By: */s/Kristopher R. Alderman*
13                                              Kristopher R. Alderman, *Pro Hac Vice*
                                                FISHERBROYLES, LLP
14                                              945 East Paces Ferry Road, Suite 2000
                                                Atlanta, Georgia 30326
15                                              Phone: 404-596-8887
                                                kris.alderman@fisherbroyles.com
16

17                                              Attorneys for Defendant Sanjana Pahalad
                                                Mancuso
18

19

20

21

22

23

24

25

26

**DEFENDANT MANCUSO'S MOTION TO DISMISS**                GORDON & POLSCER, L.L.C.
**FIRST AMENDED COMPLAINT** - 15                         9755 S.W. Barnes Road, Suite 650
                                                          Portland, OR  97225
                                                          Telephone:  (503) 242-2922

**Exhibit 24**
**Page 15 of 16**

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the date indicated below, I served on the following attorney(s) the

3  foregoing **DEFENDANT MANCUSO'S MOTION TO DISMISS FIRST AMENDED**

4  **COMPLAINT** in the manner described below:

5        Arden J. Olson                    ☑  U.S. Mail
          Harrang Long Gasry Rudnick, P.C.  ☐  Hand Delivery
6        360 East 10th Avenue          ☐  Telefax
          Suite 300                         ☐  UPS
7        Eugene, OR 97401                   ☑  E-mail

8        *Attorney for Plaintiff*

9

10       DATED this 3rd day of March, 2017.

11

12                                          By: */s/Mary-Anne S. Rayburn*
                                            Mary-Anne S. Rayburn, OSB No.
13                                          mrayburn@gordon-polscer.com
                                            Phone No. (503) 242-2922
14
                                            Attorneys for Defendant Sanjana Pahalad
15                                          Mancuso

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE** - 1

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

**Exhibit 24**
**Page 16 of 16**