

HARRANG LONG
GARY RUDNICK P.C.
ATTORNEYS AT LAW

ARDEN J. OLSON
*Admitted in Oregon, Washington, and California*
360 East 10th Avenue, Suite 300
Eugene, OR  97401-3273
arden.j.olson@harrang.com
541-485-0220
541-686-6564 (FAX)

March 1, 2017

By Email kris.alderman@fisherbroyles.com and First Class Mail

Kris Alderman
FisherBroyles
945 East Paces Ferry Road
Suite 2000
Atlanta, GA  30326

Re:    PH&S-O v. Mancuso & ELAP
       No. 16CV38474 (Multnomah County)

Dear Kris:

This responds to your letter of February 27.  ELAP does not have the right to remove this matter, and if it does attempt to remove we will seek remand under 28 U.S.C. § 1447(c) and an award of attorney fees.

Providence's claim against ELAP is a state claim under the Oregon Unfair Trade Practices Act ("UTPA"), a statutory claim which of course could not have been brought in federal court.  Your letter suggests that any case "relating to the administration" of an ERISA plan is removable, which is not the law and never has been the law.  Your apparent claim is that ERISA preempts the UTPA and therefore that ELAP has the right to remove.  None of that hangs together.

The general removal standard, of course, is that any civil action "of which the district courts of the United States have original jurisdiction" may be removed.  28 U.S.C. § 1441(a).  This language has given substance to the "well-pleaded complaint" rule, which evaluates removal based on whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987).  Nothing on the face of PH&S-O's complaint against ELAP satisfies this test.  The sole party to this matter attempting to invoke ERISA is ELAP, and a defendant may not create federal jurisdiction simply by asserting a federal defense.  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

You appear to be relying on an exception to the "well-pleaded complaint" rule for "complete preemption" of a person's claim, which requires both of two things: (1) that the plaintiff "could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) that "there is no other independent

PORTLAND ● EUGENE ● SALEM
HARRANG.COM

Exhibit 2
Page 1 of 3

Kris Alderman
March 1, 2017
Page 2

_____

legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312 (2004). ELAP can show neither on these facts, so it has no right to remove this case.

PH&S-O is bringing a state statutory claim against ELAP seeking damages and equitable relief, under ORS 646.638, on account of ELAP's unlawful disparagement of PH&S-O to Mancuso. The damages sought are statutory damages under that provision, and the equitable relief asks for injunction and constructive trust, neither of which relies on federal law or is preempted by ERISA. Turning to the first prong of the *Davila* test, at no time could PH&S-O have brought its claim against ELAP under 29 U.S.C. § 1332(a)(1)(B), both because PH&S-O is neither a participant nor a beneficiary under the plan which ELAP is administering, and because the relief PH&S-O is seeking (statutory damages plus equitable relief) is not within § 1332's remedial scheme.

As to the "independent legal duty" prong of the *Davila* test, Oregon's UTPA is precisely such an "independent legal duty." It is not specifically directed to ERISA plans or otherwise an attempt to regulate ERISA plans as such, but it generally applicable to all businesses which operate in a manner that affects other businesses in Oregon. PH&S-O's claims of disparagement and misrepresentation against ELAP arise out of communications that ELAP sent to Pahalad, Mancuso, and others asserting that PH&S-O had charged Pahalad excessive and unreasonable charges and misrepresenting Pahalad's personal responsibility for services received. The Oregon UTPA is not completely preempted by ERISA, and no good faith argument can be made that it is under the *Davila* test.

Before you file any removal petition in this matter, we suggest that you also review *Marin Gen'l Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), the analysis of which will be mandatory controlling precedent in our remand motion. Marin General Hospital alleged that it made an oral contract for payment of a patient's medical expenses with an ERISA plan, and filed a breach of contract action in state court when the plan refused to pay. The plan removed under ERISA, claiming complete preemption and contending that the hospital's only remedy was under § 1332(a)(1)(B), a position with which the district court agreed. The Ninth Circuit reversed and remanded to state court, applying the *Davila* test. It concluded that the hospital could not have brought its state contract claim under § 1332(a)(1)(B) because that claim was not for any entitlement to recover under the ERISA plan, but because of an oral contract between the hospital and the plan administrator, separate and apart from the plan's duty to reimburse the patient. 581 F.3d at 948 (citing *Blue Cross of California v. Anesthesia Care Associates Med. Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999) (state lawsuits under provider agreements with ERISA plans are not completely preempted)). The court went on to conclude that the state claims for breach of contract, negligent misrepresentation, quantum meruit, and estoppel were independent of ERISA, were "in no way based on an obligation under an ERISA plan," and would exist "whether or not an ERISA plan existed." Thus, neither test was met and the case was remanded to state court.

Exhibit 2
Page 2 of 3

Kris Alderman
March 1, 2017
Page 3

In coming to those conclusions, the *Marin Gen'l Hospital* court noted that too often there is confusion between "conflict preemption" and "complete preemption." Conflict preemption is the substantive law rule under 29 U.S.C. § 1144(a) which provides that state laws that "relate to any employee benefit plan" will be preempted, which has been construed to apply to conflicting state laws. Conflict preemption may or may not apply in a dispute relating to an ERISA plan, and state courts have concurrent jurisdiction over ERISA cases seeking benefits. Complete preemption is a jurisdictional rule where a claim is "necessarily federal in character," which is the only basis upon which to look behind the well-pleaded complaint rule and to support removal jurisdiction where no federal claim appears in the complaint.

We assume it is confusion over the foregoing distinction which led you to assert that a subset of PH&S-O's contentions against ELAP "clearly relate to the administration of an employee welfare benefit plan." It is notable that the very provisions you seek to have PH&S-O remove from the first amended complaint all relate to ELAP's misrepresentations to other parties as to if or how ERISA applied to their respective rights, how Medicare historic cost to charge data impacted those parties' right to payment, and requests for injunctive relief pertaining to ELAP's unfair business practices more broadly. Those provisions are no more "related to the administration of an employee welfare business plan" than the remaining allegations and prayers for relief under the UTPA to which you raise no objection based on relation to ERISA.

Although we do not agree with your interpretation as to how the term "relate to" has been construed, and that is a disagreement about the scope of ERISA preemption which you may put to Judge Bloch in due course if you wish, that contention is not relevant to the test for removal under the complete preemption doctrine. *See Marin Gen'l Hospital*, 581 F.3d at 946 (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225-27 (9th Cir. 2005) ("observing that a court need not consider whether a state statute 'relates to' ERISA under § 514(a) when considering § 502(a) complete preemption")).

We will not, therefore, be editing our complaint in the manner which your letter requests.

Very truly yours,

Arden J. Olson

AJO:me

Exhibit 2
Page 3 of 3