

February 13, 2017

Via FedEx

Estate of Rattan Kumar Pahalad
Sanjana Pahalad Mancuso
707 N Hayden Island Drive Unit 423
Portland, OR 97217

Re: InnVentures IVI, LP Healthcare Plan ("Plan")
    Claimant: Rattan Kumar Pahalad
    Date of Service: 03/23/2016

Dear Sanjana Pahalad Mancuso,

This letter is in reply to your appeal letter dated 10/19/2016 regarding the Plan's denial of charges in excess of the Allowable Claim Limits, as defined in the Plan documents.

ELAP Services, LLC ("ELAP") is the Designated Decision Maker (the "DDM") for the self-funded InnVentures IVI, LP Healthcare Plan ("Plan"), and accordingly, ELAP acts with certain fiduciary authority on behalf of the Plan. In accordance with the Plan's procedures for claims and appeals which may be found in the Plan documents, for purposes of the response on appeal, the term "Plan Administrator" shall be deemed to mean the DDM.

**Please note:** In an effort to protect the Plan participant and fairly resolve any dispute of a benefit denial, this Plan also grants you, as the provider of service, full appeal rights in addition to those rights accorded to the Plan participant. When you exercise this right of appeal in accordance with the terms of this Plan, you are agreeing to the same terms and conditions through which the participant's right is granted. Also, for purposes of this Plan provision, if a provider indicates on a UB or on a HCFA/CMS-1500 (or similar claim form) that the provider has an assignment of benefits, then the Plan will require no further evidence that benefits are legally assigned to that provider. You must also agree to pursue recovery of expenses denied as being in excess of the Allowable Claim Limits directly from the Plan, waiving any right to recover those certain expenses from the Plan participant.

We have reviewed your request and are responding, affording all considerations related to a formal appeal.

### Appeal Issue Raised

Your appeal asserts that the member used an out-of-network provider with the Plan noted above. Since an out-of-network provider was used you state you should be paid 100% of you billed charges. Pursuant to the express terms of the Plan, the claim was adjudicated under the Claim and Audit Program, which determines the appropriate Allowable Claim Limit by reference to express, detailed metrics.

### Appeal Decision

In this case, the most recent departmental specific cost to charge ratios, plus an additional 12% yielded a greater return to the provider and therefore, was the basis of this claim determination. The hospitals attorneys have corresponded with the Plan twice regarding this alleged balance. The Plan has twice responded to the hospitals legal representatives requesting an explanation of the excessive charges billed to the member and the Plan. To date, the legal representative has opted not to respond to our requests for an explanation of the excessive charges. I am enclosing our responses to the legal representatives. The providers firm, Harrang, Long, Gary, Rudnick, PC., have



decided not to respond to our requests asking for an explanation of why they are charging $740,263.46 for services the hospital Chief Financial Officer has certified to cost only $268,190.00 to treat your family member. That is a profit of $472,073.46 profit from a cost of only $268,190.00. The firm has not been able to explain the need for the excessive profit for these services and have not been able to justify the charges. In fact, the firm has stated they "take deep exception" to the Plans finding these charges to be excessive. The fiduciaries of this Plan have a legal obligation to be stewards of the Plans assets. By allowing a charge of $740,263.46 for a provider who has themselves certified the cost to be only $268,190.00, the fiduciaries of this Plan would be seriously derelict in the Fiduciary duties to the Plan. I have attached the 2 letters from the providers firm as well as our previous responses for your records.

## REASONS FOR DECISION

The Plan excludes any charges which are in excess of the Allowable Claim Limits as explained above.

**Specific Reasons for Denial**
The following internal rules, guidelines, protocols, or other similar criteria were relied upon in making this claim determination:

- The allowable claim limits for hospital charges adjusted under Reason Code 'C' are based upon the most recent departmental specific cost to charge ratios as those ratios have been self-reported to the Center for Medicare and Medicaid Services (CMS).

Medical or vocational expert(s) have been consulted in connection with this claim.

**Additional Information Necessary to Perfect the Claim**
For any charges excluded in the calculation of allowable claim limits, you will find an Adjustment Code explanation in the audit review report. Following is an explanation of what is required in order for you to perfect the claim for benefits for each Adjustment Code:

- Adjustment Code 'C': Allowable Claim Limits have been determined using the most current departmental specific cost to charge ratios, plus an additional 12%. Please submit documentation for any adjustment to the Cost to Charge ratio or actual cost to the provider for this service or supply.

### Claim Review and Audit Program

This Plan is a self-funded employee welfare benefit plan as defined under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). As set forth in 29 U.S.C. § 1104(a)(1)(A), (B) and (D), ERISA requires that individuals responsible for Plan administration, called fiduciaries, act prudently and pay only the reasonable expenses incurred by the Plan. As part of the Plan Sponsor's effort to ensure that benefits under the Plan would be based upon reasonable and appropriate levels of expense, the Plan incorporated the Claim Review and Audit Program (the "Program"). The Plan does not rely on rates charged by other providers as its resource for determination of the amount of covered expense considered for reimbursement under the Plan.

The terms of the Plan include a definition for "Usual & Customary" which is explained below. At issue is what the Plan considers to be a reasonable cost for covered services and supplies.

The Program is designed to evaluate the line-item detail of the charges by the provider of service for the sole purpose of identifying the covered expenses that may be considered for reimbursement. As a resource to fairly and

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 2
MANCUSO 000262
Exhibit 6
Page 2 of 7



accurately identify the true cost for certain services and supplies, the Plan looks to the actual costs reported to the Centers for Medicare and Medicaid ("CMS") by Providence Portland Medical Center, and the ratio of those costs to the charges made to patients and health plans. These cost-to-charge ratios are audited by CMS and they are recognized as an industry standard. The Plan allows for coverage of the provider's cost plus an additional 12% for these expenses as a reasonable charge.

The Plan looked at the geographically adjusted Medicare allowable rates and allows for consideration of that amount plus an additional 20% as a reasonable charge. The determination is not based upon eligibility or entitlement to Medicare; rather, it is applied to covered services for Plan participants, without discrimination to any covered person or medical condition.

Unfortunately, you did not include any information specific to the claim, plan provisions or otherwise related to the benefit determination; therefore, the Plan has no basis for an additional independent review on this appeal. Based upon the information currently available, the Plan Administrator has determined no additional benefits are payable for the above-referenced claim at this time. This response on first appeal includes information that we hope will assist you in filing a second appeal for additional benefits under the terms of Plan.

## PLAN PROVISIONS

The Plan document includes a section, entitled "Claim Audits", which states, "Once a written Claim for benefits is received, the Claims Administrator, acting on the discretionary authority of the Plan Administrator, may elect to have such Claim reviewed or audited for accuracy and reasonableness of charges as part of the adjudication process. This process may include, but may not be limited to, identifying: (a) charges for items/services that may not be covered or may not have been delivered, (b) duplicate charges, and (c) charges beyond the reasonable, necessary, and U&C guidelines as determined by the Plan. In addition, please refer to the section entitled "Claim Review and Audit Program" for information regarding Plan provisions related to the audit and adjudication of certain eligible Claims under that Program."

The Plan document includes a section entitled, "Major Medical Plan Exclusions and Limitations," which states:

- "Charges in **excess of Usual and Customary charges**, in excess of Allowable Claim Limits or charges not recommended and approved by a Physician."

The Plan's definition of **Covered Medical Expenses** states:

- The Usual and Customary (U&C) charges, Allowable Claim Limit charges and/or contracted PPO charges incurred by or on behalf of a Covered Person for the Hospital or other medical services listed below which are:

    1. Ordered by a Physician or licensed Practitioner;
    2. Medically Necessary for the treatment of an Illness or Injury;
    3. Not of a luxury or personal nature; and
    4. Not excluded under the Major Medical Exclusions and Limitations section of this Plan.

The Plan fully describes the Claim Review and Audit Program, and defines Allowable Claim Limits, in pertinent part, as follows:

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 3
MANCUSO 000263
Exhibit 6
Page 3 of 7



The Allowable Claim Limit for Claims by a hospital facility and by facilities which are owned and operated by a hospital shall be the greater of (i) the hospital's most recent departmental cost ratio plus an additional 12%, reported to the Centers for Medicare and Medicaid Services ("CMS") and published in the American Hospital Directory as the "Medicare Cost Report" (the "CMS Cost Ratio"), or (ii) the Medicare allowed amount for the services in the geographic area plus an additional 20%. In the event that insufficient information is available to identify either the hospital's most recent departmental cost ratio or the Medicare allowed amount, the Allowable Claim Limit shall be either (i) or (ii) herein that can be identified.

In the event that the Plan Administrator determines that insufficient information is available to identify the Allowable Claim Limit for a specific service or supply using the listed guidelines above, consideration will be given to such fees for the most comparable services or supplies, and based upon comparative severity and/or geographical location. The Plan Administrator reserves the right, in its sole discretion, to determine any Allowable Claim Limit amount for certain conditions, services and supplies using accepted industry standard documentation, applied without discrimination to any Covered Person.

Determinations that a charge is within the Allowable Claim Limit are made by the Plan Administrator, using highly qualified and credentialed experts to perform the claim audit according to well-established and recognized industry-standard resources. Such industry-standard resources include, but are not limited to:

- American Hospital Directory is a source for information on hospital and facility claims data and costs associated with room and board and other ancillary charges. The database of information is hospital-specific and is built from Medicare claims data, cost reports, and other public use files obtained from the federal Centers for Medicare and Medicaid Services (CMS).

If the reimbursement allowed under the Plan should be reconsidered based upon actual costs to the provider, or if the costs reported to CMS have not been correctly allocated to the revenue codes billed, we encourage you to explain this and include supporting documentation.

## APPEAL OF DECISION

**Full and Fair Review of All Claims**

If you believe that this claim for health benefits has been denied wrongly, you again may appeal the denial and review pertinent documents. This Plan provides full appeal rights to you through its provision, Provider of Service Appeal Rights, which are explained in the Plan documents, including the right to file a second appeal, and the authority of the Plan Administrator. Specifically, the claims procedures provide:

1. Claimants and providers of service the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;
2. Claimants and providers of service, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claim for benefits in possession of the Plan Administrator;
3. For a review that takes into account all comments, documents, records, and other information submitted by the claimant and the provider of service relating to the claim, without regard to whether such information was submitted or considered in the previous benefit determination;

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 4
MANCUSO 000264
Exhibit 6
Page 4 of 7



4. For a review that does not afford deference to the previous adverse benefit determination and that is conducted an individual, who shall be neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual;
5. That, in deciding an appeal of any adverse benefit determination that is based in whole or in part upon a medical judgment, the Plan Fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment;
6. For the identification of medical or vocational experts whose advice was obtained on behalf of the Plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination;
7. That the health care professional engaged for purposes of a consultation under item #5 immediately above shall be an individual who is neither an individual who was consulted in connection with the adverse benefit determination that is the subject of the appeal, nor the subordinate of any such individual.

**Requirements for Second Appeal**
If you elect to file a second appeal, that appeal must be in writing and filed within 60 days following receipt of this notification. That appeal must be addressed as follows:

**Dominica Gorlin**
**Performance Manager**
**ELAP Services, LLC**
**1550 Liberty Ridge Drive, Suite 330**
**Wayne, PA 19087**
**Or you can send a secured email to: appeals@elapservices.com**

It is your responsibility to submit proof that the claim for benefits is covered and payable under the provisions of the Plan. Any appeal must include:

1. The name of the Employee/claimant;
2. The Employee/claimant's social security number;
3. The group name or identification number;
4. All facts and theories supporting the claim for benefits. Failure to include any theories or facts in the written appeal will result in their being deemed waived. In other words, you will lose the right to raise factual arguments and theories which support this claim if you fail to include them in the written appeal;
5. A statement in clear and concise terms of the reason or reasons for disagreement with the handling of the claim;
6. Any material or information that you have which indicates that the charges are within the Allowable Claim Limits, as defined under the Plan.

If you provide all of the required information, the Plan may determine additional health benefits are available under.

**Timing of Notification of Benefit Determination on Second Appeal**
The Plan Administrator shall notify you and the claimant of the Plan's benefit determination on review within a reasonable period of time. Such notification shall be provided not later than 30 days after receipt by the Plan of the request for review.

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 5
MANCUSO 000265
Exhibit 6
Page 5 of 7



The period of time within which the Plan's determination is required to be made shall begin at the time an appeal is filed in accordance with the procedures of this Plan, without regard to whether all information necessary to make the determination accompanies the filing.

**Manner and Content of Notification of Benefit Determination on Second Appeal**
The Plan Administrator shall provide you and the claimant with written or electronic notification of the Plan's benefit determination on review, which will be written in a manner calculated to be understood by you and the claimant. In the case of an adverse benefit determination, the notification shall set forth:

1. The specific reason or reasons for the denial;
2. Specific reference to the pertinent Plan provision or provisions on which the denial is based, including reference to the section(s) in which those provisions appear;
3. The identity of any medical or vocational experts consulted in connection with the claim, even if the Plan did not rely upon their advice;
4. A statement that you and the claimant are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to this claim for benefits;
5. If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, a statement that such rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of the rule, guideline, protocol, or other similar criterion will be provided free of charge upon request;
6. If the adverse benefit determination is based upon a medical judgment, a statement that an explanation of the scientific or clinical judgment for the determination, applying the terms of the Plan to the claimant's medical circumstances, will be provided free of charge upon request;
7. A statement regarding the right to bring an action under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a), following an adverse benefit determination on final review;
8. The following statement: "You and the Plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your state insurance regulatory agency."

**Furnishing Documents in the Event of an Adverse Determination**
In the case of an adverse benefit determination on the second appeal, the Plan Administrator shall provide, upon request and free of charge, such access to, and copies of, documents, records, and other information described in items (2) through (6) of the section relating to "Manner and Content of Notification of Benefit Determination on Second Appeal" as appropriate.

**External Review of Adverse Benefit Determinations**
When the internal appeals procedures have been exhausted, the claimant may elect to have an additional and final opportunity for a review of an adverse benefit determination (including a final internal adverse benefit determination) by an Independent Review Organization (IRO). The IRO will be accredited by URAC or a similar nationally recognized accrediting organization for the purpose of conducting an independent and unbiased review.

The request for an external review must be filed by the claimant within four (4) months following the claimant's receipt of the notice of adverse benefit determination or final internal adverse benefit determination. However, if the Plan fails to strictly adhere to all requirements of the internal claims and appeals process with respect to a claim,

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 6
MANCUSO 000266
Exhibit 6
Page 6 of 7



the claimant will be deemed to have exhausted the internal claims and appeals process, and the claimant may initiate an external review and pursue any available remedies under applicable law, such as judicial review.

The Plan's external review process applies to any adverse benefit determination or final internal adverse benefit determination on appeal, except that a denial, reduction, termination, or a failure to provide payment for a benefit based on a determination that a participant or beneficiary fails to meet the requirements for eligibility under the terms of the Plan is not eligible for the external review process.

There are two types of external reviews; standard and expedited. An external review is a standard external review unless the timing required to perform a standard external review involves circumstances that would seriously jeopardize the life or health of the claimant or would jeopardize the life or health of the claimant or would jeopardize the claimant's ability to regain maximum function, or if the final internal adverse benefit determination concerns an admission, availability of care, continued stay, or health care item or service for which the claimant received emergency services but has not yet been discharged from the facility. In such cases, the Plan will consider the external review to be an expedited review.

**Decision on Second Appeal to be Final**
If, for any reason, you do not receive a written response to the second appeal within the appropriate time period set forth above, you may assume that the second appeal has been denied. The Plan Administrator's decision on review will be final, binding and conclusive and will be afforded the maximum deference permitted by law. **All claim review procedures provided for in the Plan must be exhausted before any legal action is brought. Any legal action for the recovery of any benefits must be commenced within three years after the Plan's claim review procedures have been exhausted.**

You and the Plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your state insurance regulatory agency. You have exhausted the Plan's internal administrative remedies. You have the right to bring an action under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a). Pursuant to the Plan's application limitations period, you must bring such action within three years.

If you have any questions regarding this notice, please feel free to contact the undersigned.

Very truly yours,

Tom Rogers
Manager, Appeals Processing
appeals@elapservices.com

Enc: 2 letters from Harrang Long and responses to those letters
cc:  Group & Pension Administrators, Inc. for
     InnVentures IVI, LP Healthcare Plan

ELAP Services, LLC
InnVentures IVI, LP Healthcare Plan - Rattan Kumar Pahalad
1st Appeal Response - Providence Portland Medical Center - 03/23/2016
Page 7

MANCUSO 000267

Exhibit 6
Page 7 of 7